# Betcher v. McChesney, Appellant.

*Negligence — Master and servant — Joint tort feasors — Suit against master—Prior suit against servant—Res adjudicata—Binding instructions for defendant.*

1. Joint tort feasorship can only be affirmed when the parties charged have a community of interest in the object and purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. Master and servant cannot be said to be engaged in a common enterprise, for when they so engage they cease to stand in that relation towards each other.

2. Since joint tort feasors are in pari delicto, the injured party has a right to maintain his action against each, and although he began his attempt to recover his compensation by suing one, his right to sue each of the others in separate actions can be barred only as meanwhile he has received compensation. Where, however, a person has been injured through the negligence of a servant of another, he may sue either master or servant, the one for actual negligence, the other for imputed negligence, but if he sue the one and obtain judgment, he cannot afterwards sue the other, although he has not realized on the judgment obtained.

3. In an action to recover damages for injuries inflicted upon plaintiff through the negligence of defendant's servant, defendant offered to prove by a court record that plaintiff had recovered judgment against the servant for the same act for which the action was brought. The lower court excluded the evidence and the jury found a verdict for plaintiff. *Held,* that the evidence was admissible and the judgment was reversed with a venire facias de novo.

Argued Oct. 9, 1916.    Appeal, No. 43, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 159, on verdict for plaintiff, in case of Walter F. Betcher v. Robert P. McChesney.    Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,750 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, answers to points and instructions to the jury.

*James T. Buchanan,* for appellant.—The verdict and judgment for plaintiff in his suit against Rineman, the alleged servant of McChesney, is conclusive in this suit against McChesney both as to the negligence of the servant and the injury and damages sustained by plaintiff and the only question that should have been submitted to the jury in this case was the relationship of master and servant: Emery v. Fowler, 39 Me. 326; Veazie v. Penobscot R. R. Co., 49 Me. 119; City of Portland v. Richardson, et al., 54 Me. 46; Grand Trunk Ry. Co. v. Latham, 63 Me. 177; Brookville Borough v. Arthurs, 130 Pa. 501; Reading City v. Reiner, 167 Pa. 41; Fowler v. Borough of Jersey Shore, 17 Pa. Superior Ct. 366; Mintzer v. Greenough, et al., 192 Pa. 137.

*Thomas M. Marshall, Jr.,* with him *Thomas M. Marshall,* for appellee.—The verdict and judgment against Rineman the alleged independent contractor is not admissible in evidence in a suit against McChesney his employee and plaintiff is not precluded thereby from bringing an action against McChesney: Charles Eneu Johnson Co. v. Philadelphia, 236 Pa. 510; Seither v. Philadelphia Traction Co., 125 Pa. 397; Thorp v. Boudwin, 228 Pa. 165.

OPINION BY MR. JUSTICE STEWART, January 8, 1917:

The immediate, proximate cause of plaintiff's injury was the negligent act of one Rineman, who at the time of the accident was an employee of the defendant and engaged about the latter's business. There is no suggestion in the record that the defendant was a joint tort

feasor with Rineman; indeed, such suggestion, if advanced, could hardly be expected to meet with acceptance, inasmuch as it is a fact insisted upon by the plaintiff, and established by the finding of the jury, that these men stood in the relation of master and servant at the time. Joint tort feasorship can only be affirmed when the parties charged have a community of interest in the object and purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. Master and servant cannot be said to be engaged in a common enterprise, for when they so engage they cease to stand in that relation towards each other. Therefore it is that the only liability with which the appellant is chargeable in this separate action against himself is that which arises out of the master and servant relation. Where that relation exists the law imputes to the master the negligence of the servant, and the doctrine of respondeat superior applies. This does not mean that the master in such case is only secondarily liable. He is made primarily liable, and the injured party may sue either as he elects. So he may do when his injury results from the joint negligence of several, with this distinction however: when the action is brought against one joint tort feasor and compensation is recovered from him, the one so compelled to pay may not enforce contribution from the others, notwithstanding they stand in like transgression with himself, whereas, if the party sued be the employer, chargeable only with imputed negligence, and recovery be had against him, he can maintain his action over against the servant for indemnity. It is important to observe the distinction, for, while the attempt here is to recover on what is charged in the statement filed as actual and direct negligence of the employer, it will be found that this is but the splitting up of a single cause of action which the law will not allow. On the trial, the defendant, through his counsel, made the following offer, which, under objection, was rejected and bill sealed. For some unexplained reason,

the offer does not appear in the record. It is, however, made the subject of the appellant's second assignment of error and is treated by both sides as having been made, and by the learned trial judge as well, as appears by the following extract from his opinion overruling the motion for a new trial: "In an action against Rineman, there was a verdict of $771, and in this case the defendant offered the record for the purpose of restricting plaintiff to that amount in his recovery. An objection was sustained, the ruling was correct." The action of the court in refusing this offer of evidence is made the subject of the second assignment of error, the only one which we deem it necessary to consider for reasons which will later appear. This was the offer: "It appearing from the evidence in this case that Walter F. Betcher, the plaintiff in this case, in a suit against Rineman, the alleged servant of defendant in this case, tried in this court at No. 159, April Term, 1914, recovered a verdict against said Joseph Rineman on January 25, 1915, for the sum of $771, upon which said verdict judgment has been entered, and that said verdict and judgment thereon is founded upon, and arises out of, the very same accident and injury and damage arising therefrom complained of in this suit, and it further appearing that Robt. P. McChesney had notice of and was present at the trial in which said verdict was obtained, said verdict and the judgment thereon are conclusive against both the plaintiff and defendant in this case, as to both the negligence of the said Joseph Rineman and the amount of damage suffered thereby, and therefore the verdict in this case cannot be for more than the amount of the verdict in the other case, viz: $771 with interest thereon from January 25, 1915, the date of said verdict."

Why was not this offer competent? The defendant, as we have said, is not charged as a joint tort feasor; nor with any actual negligence of his own which was alleged to be the proximate cause of plaintiff's injury, but with the negligence of Rineman, which the law imputes to the defendant. If Rineman answered over to the plaintiff

for his negligence, that put an end to the defendant's liability, for plaintiff was entitled to nothing but compensation for his injuries, once for all. By compensation we do not mean money paid him in hand. That is not the meaning of the word as it applies where individuals are sued as joint tort feasors. In that case if one be sued, and judgment recovered against him, such fact will not bar a suit against another joint tort feasor for the same cause of action, except as the judgment be paid; but that does not mean that the law undertakes to see that compensation is actually realized in money. All it does mean is that since joint tort feasors are in pari delicto, the injured party has a right to maintain his action against each, and though he begin his attempt to recover his compensation by suing one, his right to sue each of the others in separate actions until all have been sued can be barred only as meanwhile he has received compensation. The law does not undertake to see that he gets his compensation. He may sue them all unavailingly, and for such disappointing result the law is in no wise responsible. So in this case the law gives the right of election, the party may sue either master or servant, the one for actual negligence, the other for imputed negligence, but it by no means follows that if he sue the one and obtain judgment that he can afterwards sue the other on the ground that he had not realized on the judgment obtained. The cases differ in the fact we have indicated. No joint feasor is sued for imputed negligence, but for his own actual negligence, and he can have no recourse on his fellow. When it is the case of master and servant, recovery against the master gives the latter the right to recover from the servant in turn. This circumstance brings the master in privity with the servant when the latter has been sued. We assume that the record offered would show just what it was offered to show—that for the same injury for which plaintiff here claims compensation, he brought his action against Rineman, and in that he recovered judgment. Now it is a familiar principle that a single tort

can be made the basis of negligence only in a single action.　What matters that in the present action the plaintiff alleges a contributing actual negligence on the part of the defendant?　How does that negligence concern the plaintiff?　How did the contributory negligence of the master increase the injury suffered by the plaintiff and for which he sought compensation in the former action?　It was a single injury that was suffered, a single tort that caused it, and a single compensation that was claimed.　Every element of negligence that contributed to the injury, and every element that entered into the admeasurement of the damages in order to determine the compensation, all were alike adjudicated in the action which it was proposed in the offer to show had been brought by the plaintiff against the defendant's servant. The record of the trial of that case, if upon inspection it appears to be what is represented in the offer, was entirely competent.　The assignment of error that complains of its rejection is sustained, the judgment is reversed and a venire facias de novo is awarded.