**Lawrence Coon, Appellee, v. P. J. McGrath, Appellant.**

**Gen. No. 8,809.**

Opinion filed January 12, 1934.

W. A. Doss, CARL I. GLASGOW and C. E. CORBETT, for appellant.

CHARLES F. EVANS and JOHN R. FITZGERALD, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case there was a trial of the right of property in the county court of Macon county, between the appellee, Lawrence Coon, and the appellant herein, P. J. McGrath. At the conclusion of all the evidence, the court instructed the jury to find the issues for the claimant, Lawrence Coon; and the jury found, accordingly, that the claimant, Lawrence Coon, was entitled to recover the property and possession of the same; and a judgment was rendered upon the verdict. This appeal is prosecuted to reverse the judgment.

The appellant makes the following statement concerning the facts involved in the controversy which are all agreed upon by the stipulation of the parties:

"On March 1, 1930, Albert E. Miller, Jennie M. Miller, Taylor Coon and Lucy Coon executed three notes for $500.00 each, payable to George B. Noecker, or order, which notes were secured by a real estate mortgage, and said notes were then at same time delivered by George B. Noecker to the appellant, P. J. McGrath, for good and valuable consideration (money) furnished by McGrath entirely and none by Noecker, the latter's name merely being used in the transaction for convenience of all parties. The makers were not able to pay the first note when it became due so five new notes were executed by said makers on February 28, 1931, payable to said McGrath for $300.00 each,

which notes provided that the said three $500.00 notes mentioned above were to stand as collateral to the five $300.00 notes.

"The five $300.00 notes were signed by Albert E. Miller, Jennie M. Miller, Taylor Coon and Lucy Coon. No new consideration (save extension of time of payment) was given at the time these five $300.00 notes were executed and the three $500.00 notes were not cancelled but remained unpaid, and were held as collateral to the five $300.00 notes.

"On February 4, 1932, a judgment was confessed in the Circuit Court of Macon County, Illinois, on the five $300.00 notes, upon which an execution was issued and served upon Taylor Coon, and on which execution a levy was made, and a trial of right of property was had, in what we will term for convenience, as the first trial.

"On November 13, 1930, Taylor Coon was the owner and in possession of the certain personal property consisting of farm implements, horses, etc., involved in this suit. He was also then indebted to Wm. L. Alexander, claimant for certain money due and did on November 13, 1930, make to Wm. L. Alexander, a bill of sale consisting of all of his said personal property. On the same day and immediately after the above described bill of sale was made to Wm. L. Alexander by Taylor Coon, Wm. L. Alexander sold and transferred by his bill of sale this property to Lawrence Coon, appellee, the son of Taylor Coon. Lawrence Coon was then and has since been living on the same farm of Wm. L. Alexander, with his father, Taylor Coon, where the latter was then, and for many years prior thereto, had been a tenant of Alexander. A levy was made by the Sheriff under the execution mentioned upon the property referred to, as the property of Taylor Coon. Lawrence Coon served a notice of trial of right of property upon the sheriff of Macon County, who had

made said levy. A trial of right of property was had about February 26, 1932, in the County Court of Macon County, Illinois, and the jury returned a verdict finding in favor of Lawrence Coon, claimant, from which judgment no appeal was taken and judgment was accordingly entered on said verdict and so stands.

"On November 25, 1932, another judgment was obtained against Albert E. Miller, Jennie M. Miller, Lucy Coon and Taylor Coon in the Circuit Court of Piatt County, Illinois, on the said three $500.00 notes upon which judgment an execution was issued November 25, 1932, directed to the sheriff of Macon County, Illinois. This execution was served upon Taylor Coon and Lucy Coon and a levy was made on practically the same property which was levied upon under the execution on the judgment on the five $300.00 notes which was obtained in the Circuit Court of Macon County, Illinois, and upon which a trial of right of property was had as above described, in what we termed the first trial.

"A notice of trial of right of property was given to the said sheriff of Macon County by said Lawrence Coon under this November 25, 1932 execution and a trial was had in the said Macon County County Court on February 16, 1933.

"There is no dispute as to the facts in the case. The parties have stipulated as to the property levied upon, that a valid levy was made, and the property was owned by Taylor Coon on March 1, 1930.

"The Court in the second trial, or case at bar, at the conclusion of all the evidence, on motion by the Attorney for the appellee, instructed the jury to find for the claimant, Lawrence Coon. A motion for a new trial was made and overruled and an appeal was prayed and allowed to the Appellate Court of Illinois for the Third District."

The only question of law involved here and presented to this court for review is whether or not the

prior adjudication between the same parties concerning the same property, and involving the same issues concerning the same property, is *res adjudicata* upon the matters involved in the second trial.

It is well settled law that under the facts stipulated, the doctrine of *res adjudicata* will apply. In *Mahannah v. Mahannah,* 292 Ill. 133, the Supreme Court defines the rule to be as follows:

"This satisfied the rule of law that when some specific fact has been adjudicated and determined in a former suit, and the same fact is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not." (*Hanna v. Read,* 102 Ill. 596.) See also *Tilley v. Bridges,* 105 Ill. 336; *Attorney General v. Chicago & Evanston R. Co.,* 112 Ill. 520. To the same effect is *Hoffman v. Hoffman,* 246 Ill. App. 60, reversed in 330 Ill. 413; *Baldwin v. Hanecy,* 204 Ill. 281; *Rubin v. Kohn,* 344 Ill. 166.

In this case the only issue litigated in the first adjudication was as to whether the property levied upon by the sheriff was the property of Taylor Coon against whom the execution had been issued, or the property of Lawrence Coon, the appellee herein; and this was also the only issue in the present case. We are of opinion, therefore, that the court properly directed a verdict, that the property in question was the property of the appellee; and that the judgment entered in conformity with the verdict was proper. It is therefore affirmed.

*Affirmed.*