**ROBINSON v. NATIONAL AUTOMOBILE & CASUALTY INS. CO. (MURTISHAW & CARPENTER, Third Party Defendant).**

Civ. A. No. 2176.

District Court, W. D. Louisiana, Shreveport Division.

Nov. 6, 1947.

Wellborn Jack and Ashley J. Gold, both of Shreveport, La., for plaintiff.

Cook, Clark & Egan, of Shreveport, La., for National Ins. Co.

Tooke & Tooke, of Shreveport, La., for Murtishaw & Carpenter.

Browne, Browne & Bodenheimer, of Shreveport, La., for Maryland Casualty Co.

DAWKINS, District Judge.

According to the petition, plaintiff, an employee and driver of a truck for Murtishaw and Carpenter, a partnership, sued the insurer of Friedman Iron and Supply Company, National Automobile and Casualty Company, called National, in tort, alleging personal injuries caused by the negligence of the operator of a vehicle belonging to the insured. Defendant filed a third party complaint against Samuel W. Murtishaw, alleging that the collision was due to negligence of his employees, the plaintiff and another, and praying that in event plaintiff should recover "he have judgment only against Samuel W. Murtishaw, third party defendant", and in the alternative, "that defendant have judgment against the third party defendant for all sums that may be adjudged against it in favor of complainant; and in the further alternative for contribution, if National and Murtishaw were shown to be joint tort feasors."

Maryland Casualty Company, called Maryland, intervened, alleging that it was the insurer of Murtishaw and Carpenter under a policy of workmen's compensation insurance and claiming reimbursement of payments made to Robinson, complainant, as compensation for temporary total disability in the sum of $300, and in the further sum of $729.81 as medical, hospital and ambulance expenses, or a total of $1,029.81. It asked to be made "party plaintiff here" and that it have judgment against National to be paid "by preference and priority" for said sum, plus $350 attorneys' fees.

Thereafter Murtishaw also filed a third party complaint against Maryland, praying that he have judgment against it for whatever might be recovered by Robinson and National against Murtishaw; and still later, the latter filed a motion to strike the third party complainant by National, and in the alternative, prayed that its demands be rejected.

On September 23, 1947, defendant, National, filed a motion to amend its third party complaint in certain respects, but otherwise praying as before.

The minutes show that an exception of no cause or right of action was submitted on briefs to be filed. This has been done and the point argued is as to the right to bring the employers of complainant and their insurer into the case. The issues are the same as those presented in Gray et al. v. Hartford Accident & Insurance Co., D. C., 31 F.Supp. 299, decided by my associate, Judge Porterie, on February 2, 1940. He has covered the matter fully and it is not believed that anything could be added by again reviewing the authorities. It suffices to say that I agree with his conclusions. Counsel for mover has cited Delano, Comptroller, v. Ives, D.C., 40 F.Supp. 672, 674. That was a case in which the Comptroller sued one receiver or conservator of a national bank for misfeasance and the latter attempted to bring in other persons who had subsequently served in the same capacity. It is sufficient, I think, to quote the following from the opinion:

"In the present case, the third party complaint does not charge or suggest concert of action between Ives and the subsequent receivers. The liability pleaded is clearly not that of joint tort feasors. See Betcher v. McChesney, 255 Pa. 394, 100 A. 124. So far from amending his complaint to assert the direct liability of the receivers to him, the plaintiff has stated in open Court that he declines to do so and in addition has moved to dismiss the complaint as to the present receiver, Reed.

"It follows that the allegation that the subsequent receivers are liable directly to the plaintiff provides no ground upon which the third party complaint against them can be supported."

The motions will therefore be denied.

Proper decree should be presented.