65 Ill. App.3d 272 (1978)
382 N.E.2d 333
MARY LYNN DRABIK, Adm'r de bonis non with the Will Annexed of the Estate of William F. Richards, Deceased, Plaintiff-Appellant,
v.
LAWN MANOR SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.
No. 76-1287.
Illinois Appellate Court  First District (4th Division).
Opinion filed September 28, 1978.
*273 *274 Michael J. Goldstein, of Chicago, for appellant.
Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Douglas M. Reimer, Stanley J. Davidson, and Lawrence R. Moelmann, of counsel), for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:
This action was brought in the municipal department of the circuit court of Cook County against the Lawn Manor Savings and Loan Association (hereinafter Lawn Manor) for allegedly wrongfully transferring funds from one savings account to another. The plaintiff's complaint was dismissed with prejudice.
On June 28, 1974, and for many years prior thereto, William F. Richards, James Grigaitis, and Margaret Grigaitis were joint tenants with rights of survivorship of savings account No. 22839 at Lawn Manor, defendant-appellee. On June 28, 1974, the funds in the account, $13,800.49, were withdrawn and redeposited at defendant bank in account No. 28572 in the names of James Grigaitis, Joana Pautienius, and Juozas Bacevicius.
James Grigaitis died July 1, 1974. On July 18, 1974, defendant deposited the funds of account No. 28572 with the Grigaitis administrator to collect, Henry Drabik, pursuant to letters of administration issued by the probate division of the circuit court. William Richards died September 1, 1974.
On October 11, 1974, Joana Pautienius filed a petition in the Grigaitis probate proceedings requesting that the probate division order the administrator to collect to pay the funds in question to her as surviving joint tenant of the account.
On December 9, 1974, Dorothy Richards, executor of the estate of William Richards, filed a petition to intervene in the Pautienius action. The petition alleged that the funds had been unlawfully removed from account No. 22839 and deposited into account No. 28572, pursuant to a forged withdrawal slip and without the knowledge of either William Richards or James Grigaitis. The petition further alleged that the funds are rightfully an asset of the estate of William Richards and are claimed on behalf of the estate.
A hearing was held on the petitions and, on January 14, 1975, the *275 probate division entered an order declaring Joana Pautienius the sole owner of the funds on deposit in the Lawn Manor savings account No. 28572 on July 1, 1974. Juozas Bacevicius was found to be a party to the account solely for convenience. The court denied the petition filed by Dorothy Richards and found that the Richards' estate had no right to the funds.
On August 29, 1975, the plaintiff-appellant, Mary Lynn Drabik, administrator of the estate of William Richards, filed a complaint in the municipal department alleging that defendant breached its written contract with William Richards when it negligently and carelessly allowed the withdrawal of the funds from account No. 22839, pursuant to a forged signature.
According to an affidavit filed with the municipal department, the probate division stated that whether the funds were transferred from account No. 22839 to account No. 28572 as a result of a forged endorsement was irrelevant to the sole issue to be decided, viz, was it the intention of James Grigaitis that the funds of account No. 28572 vest on his death to Joana Pautienius. The affidavit states that the court refused to hear evidence on the issue of whether the funds in account No. 28572 were funds transferred from account No. 22839, pursuant to an illegal withdrawal.
The issues to be decided are (1) whether interpleader will lie to relieve defendant of its accountability for the funds and (2) whether the first litigation concerning the funds is res judicata to the present suit.
Defendant contends that by depositing the funds with the administrator to collect, who was cloaked with the authority of the probate division, it in essence interpleaded the funds by submitting them to the jurisdiction of the court.
Plaintiff argues that the interpleader defense is without merit because defendant was not a party to the suit and did not submit itself to the jurisdiction of the probate division.
An interpleader action is appropriate where several persons have claims to the same subject matter and such claims may result in multiple liability. (Ill. Rev. Stat. 1975, ch. 110, par. 26.2.) In Chicago Title & Trust Co. v. Czubak (1976), 42 Ill. App.3d 349, 352, 356 N.E.2d 118, 120, we held that when there are conflicting claims to a deposited fund the stakeholder should place the money before the court to avoid acting at his own peril. In Lincoln Trust & Savings Bank v. Nelson (1931), 261 Ill. App. 370, 373, the appellate court held that the bank was entitled to file a complaint of interpleader where the ownership of the funds on deposit was in dispute.
 1 It is undisputed that defendant deposited the funds with the administrator to collect, pursuant to letters of administration issued by the *276 probate division. Since the funds were on deposit, it was unnecessary for defendant to submit itself to the court's jurisdiction by filing a formal complaint of interpleader. In any event, in situations where it is doubtful whether interpleader will lie, the doubt should be resolved in favor of permitting the action to lie. Massachusetts Mutual Life Insurance Co. v. Weinress (N.D. Ill. 1942), 47 F. Supp. 626, 633.
We resolve any doubt in favor of defendant and hold that the deposit of funds with the administrator to collect was in the nature of an interpleader.
Defendant based its motion to dismiss the Drabik complaint on its contention that the probate division decision is res judicata to the municipal department cause of action. Defendant reasserts that position on appeal, arguing that the issue sought to be litigated in the instant case was completely and necessarily litigated by the probate judge in the Grigaitis probate proceedings.
 2 The doctrine of res judicata or collateral estoppel is based on the principle that a cause of action, once adjudicated by a court of competent jurisdiction, should be deemed conclusively settled between the parties and their privies, except in a direct proceeding to review or set aside such adjudication. Shoenbrod v. Rosenthal (1962), 36 Ill. App.2d 112, 116, 183 N.E.2d 188, 190.
Historically, res judicata has required that three essential elements be the same in both cases: the cause of action, the subject matter, and the parties or their privies. Shoenbrod, at 116.
Plaintiff argues that since Lawn Manor was not a party to the probate proceedings nor in privity to any party in the proceedings, the identity of parties criterion is not met.
Defendant cites Riley v. Unknown Owners (1975), 25 Ill. App.3d 895, 324 N.E. 2d 78 in rebuttal, which adopts the position that the identity of parties criterion is satisfied so long as the party against whom collateral estoppel is invoked is identical in both actions. The Riley court stated:
"The recent trend in the law in this area is to discard the identical parties  mutuality rule entirely and to require that only one party or his privy, the one against whom estoppel is attempted to be used, be identical in the second action, especially when estoppel is urged defensively. [Citations.] These courts hold that the only pertinent questions for the utilization of collateral estoppel are whether the issue decided in the prior adjudication is identical with the one presented in the suit in question, whether there had been a final judgment on the merits, and whether the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication." Riley, at 899.
 3, 4 We agree with the court in Riley and adopt the modern approach. *277 We find that the identity of parties criterion is satisfied in the instant case. Dorothy Richards, the plaintiff in the probate proceedings, is the executor of the estate of William Richards. The plaintiff in the municipal department proceedings is Mary Lynn Drabik, administrator of the estate. Both plaintiffs are legal representatives of the estate, charged with all the powers and duties to administer the estate. (Ill. Rev. Stat. 1975, ch. 3, pars. 80-81.) Although Lawn Manor was not a party to the probate litigation, estoppel is urged defensively. Mary Lynn Drabik, the party against whom collateral estoppel is invoked, is in privity with Dorothy Richards, the plaintiff in the prior action.
Plaintiff argues that there is no identity of issues because the issue of whether Lawn Manor breached its contractual agreement with William Richards was ruled irrelevant by the probate division.
The basis of the doctrine of res judicata is that the party against whom the doctrine is raised has litigated or had an opportunity to litigate the same matter in a former action. (Smith v. Bishop (1962), 26 Ill.2d 434, 437, 187 N.E.2d 217, 219.) A former judgment is deemed conclusive not only as to all matters litigated and determined, but all matters which might have been presented to support or defeat a claim. American National Bank & Trust Co. v. Zoning Board of Appeals (1973), 12 Ill. App.3d 794, 797, 299 N.E.2d 147, 149.
 5 In the instant case, the plaintiff actually presented the issue of defendant's breach in the prior proceeding. We find that the identity of issues criterion is met. The issue of whether defendant breached its contract is one that was or could have been adjudicated in the probate proceedings.
Finally, plaintiff argues that there was no identity of subject matter because savings account No. 22839 and the original source of the funds were not mentioned in the court's award of the funds to Joana Pautienius.
 6 We disagree. In Coon v. McGrath (1934), 273 Ill. App. 300, 303-04, the court found identity of subject matter where the two proceedings involved the same parties, the same property, and the same issues concerning the same property. In the case at bar, the two proceedings involved the same property  the funds were from the two accounts; the same parties  the identity of parties criterion is met; and the same issue  defendant's breach of contract was presented in both cases. Therefore, we find that the identity of subject matter criterion is met.
 7 The purpose of the doctrine of res judicata, based upon the requirements of justice and public policy, is to end litigation except where the issue arises on appeal to set aside or reverse former litigation. (Altman v. Altman (1974), 22 Ill. App.3d 420, 424, 318 N.E.2d 61, 64.) The plaintiff's recourse should have been a direct appeal from the probate *278 division adjudication rather than the new suit filed in the municipal department on the same cause of action.
We hold that the probate division adjudication was res judicata to the action brought in the municipal department.
For the foregoing reasons, the judgment of the municipal department of the circuit court of Cook County is affirmed.
Affirmed.
LINN and ROMITI, JJ., concur.