SERVICE SYSTEMS CORPORATION, Plaintiff-Appellant, v. JAMES A. VAN BORTEL *et al.*, Defendants-Appellees.

First District (5th Division) No. 86—0978

Opinion filed August 26, 1988.

Andrew R. Laidlaw, Timothy F. Haley, and Michael Chimitris, all of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Michael M. Conway and Christopher W. Zibart, both of Hopkins & Sutter, and Ira Friedman, both of Chicago, for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Service Systems, is engaged in providing food management and maintenance services to public and private primary and secondary schools, health care institutions, colleges, government institutions, business and industrial clients. Defendants James A. Van Bortel and Paul J. Pinsky were plaintiff's former officers and employees. Plaintiff and defendants had entered into covenant-not-to-compete employment agreements, in which defendants agreed that they would not compete with Service Systems after termination of their employment. Defendants Van Bortel and Pinsky terminated their employment with Service Systems and formed defendant Arbor Management, Inc. (Arbor), and began competing with Service Systems for Service Systems' customers. Service Systems filed a complaint against the defendants, James A. Van Bortel, Paul J. Pinsky and Arbor Management, Inc., which sought enforcement of their covenant-not-to-compete employment agreements with Service Systems. Plaintiff moved for a preliminary injunction against the defendants to compel defendants to comply with their employment agreements not to compete with Service Systems and Service Systems' relationship with its public school customers. The trial court denied plaintiff's motion for a preliminary injunction and granted defendants' motion to dismiss plaintiff's complaint. Plaintiff appeals.

Defendant James A. Van Bortel was president and chief operating officer for Service Systems' Midwest region. One of Van Bortel's responsibilities was to entertain Service Systems' customers and develop customer retention relationships with them. It was also Van Bortel's duty to review and approve Service Systems' final bids before they were submitted to Service Systems' customers. In February 1985, Service Systems was acquired by the Marriott Corporation.

Defendant Paul J. Pinsky was vice-president of sales for Service Systems. Pinsky was in charge of all sales to public and private schools, colleges and health care institutions in the Midwest region. Pinsky was also responsible for sales of maintenance and janitorial accounts. Client entertainment and developing and maintaining good customer relationships were also Pinsky's principal responsibilities. Pinsky reviewed customers' operating statements and assisted in the preparation of customers' feasibility studies and bid proposals. He also assisted in developing and reviewing Service Systems' marketing studies, those internally prepared as well as those produced by out-

side consultants. Additionally, Pinsky reviewed and approved profitability worksheets prepared in connection with Service Systems' bids on its school accounts.

In February of 1985, while employed with Service Systems, Pinsky and Service Systems entered into an employment agreement which in essence provided that should Pinsky terminate his employment with Service Systems, Pinsky would not thereafter engage in competition with Service Systems.

On September 17, 1985, Van Bortel's employment with Service Systems was terminated, and on the same day, Van Bortel executed a termination agreement, pursuant to which Van Bortel was paid $105,656.32. Van Bortel's termination agreement further provided that Van Bortel would not compete with Service Systems or interfere in Service Systems' relationship with Service Systems' customers.

In December 1985, defendant Pinsky contacted defendant Van Bortel and they discussed organizing and operating a joint business venture between them, which would compete with Service Systems. They agreed, and on January 22, 1986, Pinsky and Van Bortel formed defendant Arbor Management, Inc., for them to engage in their competitive business enterprise against Service Systems.

Pamela Ditmarsen was also employed by Service Systems as an account executive and worked directly under the supervision of defendant Pinsky. Ditmarsen's responsibilities included preparing Service Systems' bid proposals for school accounts, participating in the preparation of proposed bid specifications for school customers and attending bid conferences and surveys.

Around October and November of 1985, defendant Pinsky directed Ditmarsen to prepare preliminary bid specifications for Service Systems' existing school accounts. Pursuant thereto, Ditmarsen filled out a form which requested information needed to prepare the bid specifications and sent this form to the district managers for completion.

Around January 26, 1986, Pinsky offered Ditmarsen a position with Arbor which Ditmarsen accepted. On January 30, 1986, Pinsky told Ditmarsen that he would resign from Service Systems on February 11, 1986. Ditmarsen too was to resign from Service Systems on February 11, 1986, to work for Arbor Management. Also in January of 1986, Pinsky had Patricia Ann Thompson, his secretary at Service Systems, place 200 to 300 prospective customers' names and addresses on Service Systems' word processor. Pinsky then directed Thompson to deliver a copy of the original computer disk to him. From this disk Pinsky prepared a list of accounts that he intended to

call to solicit for Arbor. The list contained 33 accounts who were Service Systems' customers.

On February 10, 1986, in accordance with his employment agreement, Pinsky gave Service Systems two weeks' notice of his resignation. On February 12, 1986, Pinsky informed Van Bortel that he had spoken with and invited Daryl Davenport, an out-of-State district manager of Service Systems, to Chicago to speak with Van Bortel and Pinsky. Pinsky and Van Bortel paid for Davenport to fly to Chicago the next day, February 13, 1986. At their meeting which followed Davenport's arrival, Pinsky and Van Bortel offered Davenport a job with Arbor.

On February 13, 1986, Viva Wachel, also an employee of Service Systems, called Van Bortel to inquire as to whether Van Bortel and Pinsky had formed a competitive business. Van Bortel informed Wachel that he and Pinsky were going after Service Systems' school customers who were coming up for rebid in the spring of 1986. Van Bortel further stated that Pinsky had already prepared bids on five of these school accounts. Van Bortel also stated to Viva Wachel that Arbor would have positions for certain Service Systems employees but that his termination agreement with Service Systems prevented him from calling these employees.

Between February 11 and 14, 1986, Pinsky called 25 Service Systems' customers from the prepared list of accounts which was prepared, pursuant to his directions, by his secretary at Service Systems, Patricia Ann Thompson.

On February 18, 1986, Service Systems filed the instant complaint and a motion for a temporary restraining order to enjoin the defendants, Van Bortel, Pinsky and Arbor Management, from competing with Service Systems for its customers. Defendants filed a motion to dismiss Service Systems' complaint. Service Systems argued that the defendants Van Bortel and Pinsky violated their covenant-not-to-compete employment agreements with Service Systems for its public school customers. Service Systems argued further that the defendants' covenant-not-to-compete employment agreements should be enforced because of Service Systems' long-standing customer relationship with its public school customers and the confidential information the defendants, Van Bortel and Pinsky, obtained while employed by and as a result of their employment with Service Systems. Conversely, the defendants, Van Bortel and Pinsky, argued that Service Systems had no legally protectible interest in Service Systems' public school customers and therefore their covenant-not-to-compete employment agreements were unenforceable. The defendants, Van Bortel

and Pinsky, argued further that the invalidity of their covenant-not-to-compete employment agreements had been previously adjudicated and finally decided in *McTaggart v. Service Systems* (7th Cir. 1986), 785 F.2d 312. Van Bortel and Pinsky, the defendants herein, insisted that the defendant, Service Systems, in *McTaggart* was the same Service Systems, plaintiff in the case at bar; that McTaggart was also a former employee of Service Systems and was employed at the same level in the company as were the defendants, Van Bortel and Pinsky; and that the validity of the same covenant-not-to-compete employment agreement was at issue and decided adversely to Service Systems in *McTaggart, i.e.*, Service Systems' long-standing customer relationship with its public school customers and the confidential information the defendants acquired while employed by and as a result of their employment with Service Systems did not confer upon Service Systems a legally protectible interest in Service Systems' public school customers.

The trial court in the case at bar denied Service Systems' requests for a temporary restraining order and a preliminary injunction and dismissed its complaint. In so doing the trial court held that Service Systems had no confidential information nor a long-standing customer relationship with its public school customers which constituted a legally protectible interest. The trial court in effect, therefore, held that defendants' covenant-not-to-compete employment agreements were legally unenforceable.

On appeal, Service Systems contends that the trial court erred in denying its request for a temporary restraining order and in granting the defendants' motion to dismiss plaintiff's complaint. Service Systems argues that the trial court's conclusion that Service Systems' information about its public school customers to which the defendants, Van Bortel and Pinsky, had access while employed by Service Systems was not confidential, was erroneous and was contrary to the manifest weight of evidence. The defendants, however, maintain that the trial court's denial of plaintiff's preliminary injunction rests in the sound discretion of the trial court and its decision was not contrary to the manifest weight of evidence. The defendants also argue that this court should affirm the trial court's dismissal of Service Systems' complaint and denial of Service Systems' motion for a preliminary injunction based on collateral estoppel. Defendants maintain that Service Systems' claim of a legally protectible interest in its public school customers' accounts because of an alleged long-standing or near permanent relationship, confidential information and trade secrets was previously and fully litigated adversely to Service Systems in the Fed-

eral courts in *McTaggart v. Service Systems* (7th Cir. 1986), 785 F.2d 312, and that Service Systems is therefore bound in the case at bar by the decisions of the Federal courts on that issue in *McTaggart*.

In order for the covenant-not-to-compete employment agreements between Service Systems and the defendants to be valid, Service Systems must have a legally protectible interest in its public school customers arising out of its long-standing or near permanent confidential relationship with its public school customers, the determinative issue on this appeal. In a previous proceeding in the United States District Court for the Northern District of Illinois, *McTaggart v. Service Systems* (N.D. Ill. 1985), No. 85—C—1470, David A. McTaggart, an employee of Service Systems, filed a complaint which sought a declaratory judgment that the covenant-not-to-compete provision of his employment agreement with Service Systems was void and unenforceable because Service Systems did not have a legally protectible business interest in its public school customers. Service Systems filed a counterclaim which sought a declaratory judgment that the covenant-not-to-compete provision of the employment agreement was enforceable. Service Systems also sought injunctive relief to enjoin McTaggart from violating his covenant-not-to-compete agreement. The district court rendered a memorandum opinion and entered an order which found that the covenant-not-to-compete provision in the employment agreement between McTaggart and Service Systems was unenforceable and dismissed Service Systems' counterclaim for injunctive relief. Service Systems appealed. On appeal, again the contested issue was whether Service Systems had a legally protectible business interest in its public school customers. In affirming the district court's decision, the United States Court of Appeals for the 7th Circuit held:

> "The district court properly concluded that defendant's customers are not a legitimate protectible interest. There is some evidence which shows that defendant enjoys a relatively low turnover rate, though not so low as to be a near-permanent clientele. Given the competitive bidding process by which defendant's customers place their business, there is no indication that these customers do not rely solely on price. There is some evidence that non-price factors, such as customer service, play some role in the customer's decision to accept the bid, though the significance of this factor is far from clear. But defendant has not shown that plaintiff developed an established relationship with a customer and learned about the customer's particular needs to the degree that, but for his employment with the defendant plaintiff would be in no position to acquire these cus-

tomers. The identity of defendant's customers is public knowledge, and plaintiff could have developed the same contacts merely by working in the food service industry." *McTaggart v. Service Systems* (7th Cir. 1986), 785 F.2d 312.[1]

It is uncontested the covenant not to compete in the case at bar is identical to the covenant not to compete in *McTaggart*. In the case at bar, Service Systems is again seeking to enforce the same covenant not to compete not against its former employee McTaggart, but instead against its former employees Van Bortel and Pinsky. McTaggart, plaintiff in *McTaggart*, and Van Bortel, defendant in the case at bar, held virtually the same position in Service Systems: McTaggart was president and chief operating officer of the Western region; Van Bortel was president and chief operating officer of the Midwest region.

A requisite to the enforceability of a covenant not to compete is the existence of the employer's legally protectible business interest in the employer-customer relationship derived from a near-permanent relationship the employer has with its customers, or trade secrets and/or confidential information, and that, but for the employee's employment, the employee would not have had such contact with the employer's customers. (*McRand, Inc. v. Van Beelen* (1985), 138 Ill. App. 3d 1045, 486 N.E.2d 1306.) The issue presented and adversely determined against Service Systems in the United States district court and in the United States Court of Appeals for the 7th Circuit in *McTaggart* was that Service Systems had no such legally protectible interest in its customers and the covenant-not-to-compete employment agreement between Service Systems and its employee McTaggart was unenforceable. Service Systems is collaterally estopped from again relitigating this issue.

■ The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate cases arising from different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 7.) A determinative adjudication of the issue "in the first cause will, if properly presented, be conclusive of the same question in the later suit" and operates as an estoppel as to that

---

[1]This is an unpublished opinion and Rule 35 of the Rules of the United States Court of Appeals for the Seventh Circuit, like the comparable Rule 23 of the Rules of the Illinois Supreme Court, forbids citation of an unpublished opinion as precedent. However, an unpublished opinion may, under Rule 35, be cited and discussed when the opinion is relied upon for its collateral estoppel effect.

issue actually litigated and determined. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246.

The recent trend in the law is to discard the identical–parties-mutuality rule entirely as a prerequisite to the application of the estoppel doctrine and require that only one party or his privy, the one against whom estoppel is attempted to be used, be identical in the first and subsequent causes of action, especially when estoppel is urged defensively. (*Federal Savings & Loan Insurance Corp. v. Hogan* (7th Cir. 1973), 476 F.2d 1182.) The pertinent questions for invoking collateral estoppel are whether the issue decided in the prior adjudication is identical to the issue presented in the subsequent litigation, whether there has been a final judgment on the merits, and whether the party against whom estoppel is asserted in the subsequent litigation is a party or in privity with a party in the prior adjudication. *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 899, citing *Chidester v. Cagwin* (1966), 76 Ill. App. 2d 477.

■ In *McTaggart*, Service Systems maintained, as it does in the instant case, that McTaggart acquired confidential information from his employment with Service Systems which constituted a legally protectible business interest of Service Systems. The court held:

"After reviewing the record, we agree with the district court's finding that the information obtained by the plaintiff during the course of his employment with defendant was not confidential. *** [I]n reasoning that plaintiff did not acquire any confidential information, the district court considered the availability of the information and its value to competitors, factors which several Illinois courts have relied on in determining whether or not information acquired by an employee was confidential. [Citation.] Accordingly, the district court correctly held that plaintiff's knowledge of past bids, customers, and financial information did not constitute confidential information." (*McTaggart v. Service Systems* (7th Cir. 1986), 785 F.2d 312.)

By virtue of these foregoing Federal court determinations, adverse to Service Systems, Service Systems is estopped from relitigating the issue before us.

■ It is fundamental that a party seeking a preliminary injunction must show by a preponderance of the evidence that (1) the party possesses a clear right in need of protection; (2) there is no adequate remedy at law; (3) irreparable harm will result if the preliminary injunction is not issued; and (4) there is a likelihood of the party's success on the merits. (*Cincinnati Tool Steel Co. v. Breed* (1985), 136 Ill.

App. 3d 267, 482 N.E.2d 170; *Image Supplies, Inc. v. Hilmert* (1979), 71 Ill. App. 3d 710, 390 N.E.2d 68.) The decision to grant or deny preliminary injunctive relief rests within the sound discretion of the trial court, and because its finding may not be disturbed absent a showing of an abuse thereof, the role of a reviewing court is limited to determining whether the finding is contrary to the manifest weight of the evidence. *Instrumentalist Co. v. Band, Inc.* (1985), 134 Ill. App. 3d 884, 480 N.E.2d 1273; *Hayden's Sport Center, Inc. v. Johnson* (1982), 109 Ill. App. 3d 1140, 441 N.E.2d 927.

■ Whether injunctive relief as requested in the instant case should have been granted depended upon the validity and enforceability of the covenant-not-to-compete employment agreements between Service Systems and the defendants. Because such covenants operate as partial restraints of trade, they are scrutinized carefully by the courts. (*Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 424 N.E.2d 719.) Such covenants may be held enforceable only if the time and territorial limitations therein are reasonable and the restrictions are reasonably necessary to protect a legitimate business interest of the employer. *Morrison Metalweld Process Corp. v. Valent* (1981), 97 Ill. App. 3d 373, 422 N.E.2d 1034.

Because the basis upon which Service Systems sought an injunction in the case at bar was adversely determined to Service Systems in *McTaggart*, Service Systems is estopped from relitigating that basis. We conclude that the trial court properly dismissed Service Systems' complaint and correctly denied Service Systems' motion for a preliminary injunction and we therefore affirm.

Affirmed.

LORENZ, P.J., and SULLIVAN, J., concur.