**In re Gladys Forbes RICHEY, Debtor.**

**Bankruptcy No. BK 88–41047.**

United States Bankruptcy Court, S.D. Illinois.

Aug. 28, 1989.

Lawrence Eaton, Newton, Ill., and Wm. K. Thomas, Robinson, Ill., for debtor.

John Hieber, Oak Lawn, Ill., for claimants.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

The parties to this proceeding are not strangers. In fact, they have quite a history of litigation with one another. The issue this Court must decide involves litigation which began in 1975 when John R. Hieber, Frank Hieber and Leo Culligan (plaintiffs) brought suit in Cook County Circuit Court against A.A. Richey and Gladys Richey (defendants). The suit was brought against defendants both individually and doing business as Double A Oil Producers, Inc. (Double A) for allegedly inducing plaintiffs to invest money in Double A based on false representations.

The defendants were personally served and filed a special appearance, which later became a general appearance. The defendants filed an answer and participated in the pretrial proceedings. However, the defendants did not appear for trial and a

default judgment was entered against them on July 27, 1977. The judgment order was signed May 9, 1978.

On November 27, 1979, two and one-half years from entry of the default, and one and one-half years from when the judgment order was signed, the defendants filed a *pro se* petition to vacate the default judgment and subsequently retained counsel. Defendants' petition to vacate alleged that the default judgment was improperly and erroneously entered, and was void because no notice of the trial was given to defendants. The trial court denied defendants' petition.

The defendants then appealed to the First District Appellate Court. On appeal, defendants contended that they had no notice of the July 27, 1977 trial date and that the trial court erred in denying their petition to vacate the default judgment. The Appellate Court affirmed the trial court and further denied a petition for rehearing. Review by the Illinois Supreme Court was also sought and denied.[1]

On January 14, 1982, defendants filed a quiet title action in Richland County, Illinois. Defendants alleged that a memorandum of the Cook County judgment had been recorded in the Office of the Recorder of Deeds in Richland County, Illinois, and that the judgment was a cloud on the real estate. Defendants further alleged that the default judgment was void because defendants were not given notice of the trial date. The plaintiffs did not answer the Richland County complaint and on May 28, 1982, a default judgment was entered in favor of defendants.

Upon entry of the Richland County judgment the plaintiffs filed a motion to vacate the default judgment. On January 4, 1983, the Richland County Circuit Court denied the motion to vacate as to John R. Hieber, but granted the motion as to Frank Hieber and Leo Culligan. John Hieber appealed the denial of the motion to vacate, but the appeal was dismissed for lack of jurisdiction. No further action has been taken in the Richland County proceedings.[2]

On May 28, 1987, the Cook County Circuit Court entered a judgment reviving the May 9, 1978 default judgment. The judgment of revival was entered for $101,000.00 plus 8% interest from May 9, 1978, or roughly $181,800.00.

In what seems to be a final attempt to collaterally attack the Cook County judgment, Gladys Richey filed a petition under chapter 11 of the Bankruptcy Code on November 8, 1988.[3] The plaintiffs filed claims based on the Cook County judgment, and debtor objected to the claims alleging once again that the default judgment was invalid because debtor did not receive notice of the trial. This cause is before the Court on debtor's objection to claims.

The issue before the Court is what preclusive effect must be given to the Cook County Circuit Court order denying defendants' petition to vacate. Determination of

---

1. *Hieber v. Richey,* No. 55228 (Illinois Supreme Court Oct. 19, 1981) (order denying petition for leave to appeal).

2. Ill.Rev.Stat. ch. 110A, ¶ 304(a) provides:
 (a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing a notice of appeal shall be as provided in Rule 303. In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.
 Ill.Rev.Stat. ch. 110A, ¶ 304(a) (Supp.1989). No express finding has been made by the Richland County Court. Since the Richland County proceedings have not produced a final judgment, this Court need not address the issue of competing judgments.

3. The chapter 11 petition was filed individually by Gladys Richey because A.A. Richey was deceased at the time of the filing.

this issue requires an examination of the principle of collateral estoppel. Collateral estoppel or issue preclusion typically involves a finding of fact by a trial court which binds all subsequent proceedings as to that factual finding. *Paine Webber, Inc. v. Farnam*, 870 F.2d 1286 (7th Cir. 1989); *Telegraph Savings and Loan Association v. Schilling*, 105 Ill.2d 166, 85 Ill. Dec. 322, 473 N.E.2d 921 (1984).

At the outset the court notes that 28 U.S.C. § 1738 directs federal courts to give state court orders the same effect such orders would be given by the courts of the state which rendered the order.[4] *Paine Webber, Inc.*, 870 F.2d at 1290; *Jones v. City of Alton, Illinois*, 757 F.2d 878, 883 (7th Cir.1985). Therefore, Illinois preclusion law will govern the effect to be given to the order denying the petition to vacate.

Under Illinois law, three elements must be met before collateral estoppel will apply. There must be a valid final judgment, the judgment must have actually decided the issue presented in the subsequent proceeding, and the party against whom estoppel is asserted must have been a party or in privity with a party to the prior litigation. *Service Systems Corporation v. Van Bortel*, 174 Ill.App.3d 412, 123 Ill.Dec. 833, 838, 528 N.E.2d 378, 383 (1988); *Fearon v. Mobil Joliet Refining Corp.*, 131 Ill.App.3d 1, 86 Ill.Dec. 335, 475 N.E.2d 549 (1984); *People v. Murphy*, 102 Ill.App.3d 448, 58 Ill. Dec. 152, 430 N.E.2d 94 (1981).

 The first essential element to the application of collateral estoppel is the presence of a final judgment. An order is considered final if it terminates the litigation between the parties and finally determines, fixes, and disposes of their rights as to the issues made by the suit. *Gilbert v. Braniff International Corporation*, 579 F.2d 411, 413 (7th Cir.1978). Furthermore, finality requires that the potential for appellate review has been exhausted. *Ballweg v. City of Springfield*, 114 Ill.2d 107, 102 Ill.Dec. 360, 362, 499 N.E.2d 1373, 1375 (1986); *People v. Shlensky*, 118 Ill.App.3d 243, 73 Ill.Dec. 854, 857, 454 N.E.2d 1103, 1106 (1983).

Illinois law provides by statute that an order denying a petition to vacate a default judgment is a final and appealable order. Ill.Rev.Stat. ch. 110A, ¶ 304(b)(3) (Supp. 1989).[5] In addition, the denial of the petition to vacate was affirmed by the appellate court and denied further review by the Supreme Court. Thus, the potential for appellate review has been exhausted.

Secondly, the prior order must have actually decided the issue presented in the subsequent proceeding. Collateral estoppel is based on broad principles of justice and applies only when the party has had an opportunity to establish his claim. 23A Illinois Law & Practice, *Judgments* § 361 (1979). The argument that the Cook County judgment is void due to lack of notice was raised in defendants' petition to vacate the default judgment. The trial court denied the petition and recited that its decision was made after hearing arguments of counsel, considering the affidavits, briefs, and exhibits filed in support of the petition.[6] It is clear from the record that defendants have had an opportunity to present their argument regarding lack of notice. One opportunity is all that is required.

Furthermore, it is of no concern that the trial court's order denying the petition to vacate did not expressly state that notice had been sent. The principal argument raised by the petition to vacate was that the judgment was void due to lack of no-

---

**4.** 28 U.S.C. § 1738 provides that:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States ...

Such acts, records and judicial proceedings or copies thereof ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

**5.** Section 304(b) was added in 1969; therefore it was effective when defendants filed their petition in 1979.

**6.** *Hieber v. Richey*, No. 75 CH 5359 (Cook County Circuit Court Feb. 11, 1980) (order denying petition to vacate default judgment).

tice. The trial court heard arguments of counsel, considered affidavits, briefs, and exhibits on this issue. Thus, when the court entered its order denying the petition, the issue of notice was decided by implication.[7] An issue may be "actually decided" even without an express ruling if a court can determine that the issue in question was decided by necessary implication. *Paine Webber, Inc. v. Farnam*, 870 F.2d 1286, 1291 (7th Cir.1989).

The final element requires that the party against whom estoppel is asserted was a party or in privity with a party to the prior litigation. There is no dispute that the parties are the same, except for A.A. Richey, who is now deceased.

■ All elements necessary to the application of collateral estoppel are present and therefore debtor cannot raise the issue that the judgment is void due to lack of notice. The question of notice was determined by the Cook County Circuit Court and will not be reconsidered by this Court.

■ The debtor further objects to the claims of John Hieber, Frank Hieber and Leo Culligan because each claim was filed for $181,800.00, which is the full amount of the judgment after revival. Although each claim recites the judgment as a joint judgment, the debtor is correct that each claimant improperly lists the total amount of his claim as $181,800.00.

IT IS ORDERED that debtor's objection to claim is OVERRULED in regard to the validity of the judgment.

IT IS FURTHER ORDERED that debtor's objection to claim is SUSTAINED as to the amount claimed. Each claimant shall file an amended proof of claim within thirty (30) days.

---

7. Furthermore, the exact argument regarding notice was made on appeal, and the appellate court accepted as accurate the lower court's finding that notice had been sent. *Hieber v.*

*Richey*, 95 Ill.App.3d 1199, 54 Ill.Dec. 482, 424 N.E.2d 1385 (1st Dist.1981) (order affirming the trial court denial of petition to vacate).