## Miller, Appellant, *v.* Post Publishing Co. et al.

*Conspiracy—Trespass for conspiracy—Contract—Agreement to violate contract—Injury—Natural consequence—Intention—Statement of claim.*

1. In an action of trespass against the owners of four newspapers published in a city, to recover damages for an alleged conspiracy, the statement of claim shows no cause of action, where it alleges that plaintiff, under an agreement with defendants, had established an exclusive agency for the sale of all defendant's papers in the city, that he received a stated compensation from defendants for the sale and distribution of the papers, that defendants had conspired together to ruin and destroy his business by refusing to sell or furnish him newspapers, and that by reason thereof his business was destroyed and he suffered damages.

2. Where an act is lawful for the individual, it can be the subject of conspiracy, when done in concert, only when there is direct intention that injury shall result from it, or where the object is to benefit the conspirators to the prejudice of the public or oppression of the individual, and where such prejudice or oppression is the natural and necessary consequence.

Argued February 10, 1920. Appeal, No. 53, Oct. T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1918, No. 668, for defendants on motion for judgment for want of a sufficient statement of claim in case of Jacob W. Miller v. Post Publishing Company et al. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART JJ. Affirmed.

Trespass for conspiracy.

Affidavit of defense alleging want of sufficient statement of claim.

SHAFER, P. J., filed the following opinion:

The defendants are four or more corporations publishing newspapers in the City of Pittsburgh. The plaintiff alleges that a long time before the acts complained of, at a time not stated, but, from the letters attached to the plaintiff's claim, sometime in or before the year 1916, all the newspapers of Pittsburgh, including those published by the defendants, had designated him as distributing agent for their newspapers at an agency established by him on Chestnut street in Pittsburgh, his employment as such agent being to distribute newspapers to newsboys working in that section of the city and carriers having routes therein. He alleges that he had acquired a right, by reason of his efforts in establishing this agency, to continue it in the district mentioned, and that up until July, 1918, his agency was the only one for all the newspapers of Pittsburgh in that district, and that he was receiving as compensation twelve per cent for the sale and distribution of the newspapers, and that before he had established the agency there was none in that section of the city; and that he had an established, valuable and lucrative business which was built up by means of his own exclusive efforts.

The plaintiff alleges that his employment was by oral agreement but he adds to his supplemental affidavit letters from the various defendants dated in November, 1916, announcing an increase in the wholesale price of papers and the discount and commission which he would be allowed. The statement then alleges that on this state of facts the defendants conspired together to ruin and destroy his business, by refusing to sell or furnish him newspapers, published by any of them, after July 1, 1918, but to employ another person in his place as distributing agent; and that they have since refused to sell or furnish him newspapers published by them, although requested so to do, and that by reason thereof his business was destroyed and he suffered damages.

Stripped of the allegations of conspiracy and intention to wrong the plaintiff, the plaintiff's contention is

that he was employed by each of four companies publishing newspapers to distribute their papers in a certain territory, and that they chose to discontinue his employment as such.   We are unable to see why they did not have a right to do so.   That they might have done so acting separately, we understand is admitted by the plaintiff.   If the act was unlawful at all it was because of the combination of a number.

"Where the act is lawful for the individual it can be the subject of conspiracy when done in concert only where there is a direct intention that injury shall result from it, or where the object is to benefit the conspirators to the prejudice of the public or the oppression of individuals and where such prejudice or oppression is the natural and necessary consequence": GIBSON, Justice, cited with approval in Cote v. Murphy, 159 Pa. 420.

It no doubt was the object of the defendants in discharging the plaintiff to benefit themselves, but it was not to the prejudice of the public and we are unable to see how it was to the oppression of the plaintiff.

The plaintiff alleges that it was customary when such agencies were established and dissatisfaction arose with the owner of the agency, that he should be given notice of the intent to make a change, that he might have an opportunity to dispose of the business, but no relief is founded upon this allegation, nor is it stated whether or not he had such notice or whether the bargain between the parties was made in view of the custom.

We are of opinion that the plaintiff's statement shows no cause of action, and it is ordered that judgment be entered for the defendants.

Plaintiff appealed.

*Error assigned* was judgment of court.

*Charles P. Lang,* for appellant.—An act lawful for one, when done in concert, may be unlawful and constitute an actionable wrong: Bausbach v. Reiff, 244 Pa.

559; Cote v. Murphy, 159 Pa. 420; Morris Run Coal Co. v. Barkley Coal Co., 40 Pa. 173.

*Samuel McClay, John J. Heard, Reed, Smith, Shaw & Beal, William A. Wilson* and *Calvert, Thompson & Wilson,* for appellees, cited: Cote v. Murphy, 159 Pa. 420; Laverty v. Vanarsdale, 65 Pa. 507.

PER CURIAM, March 8, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below directing it to be entered.

Judgment affirmed.