Stewart E. DAVIS, an individual, Appellant,

v.

UNITED STATES GYPSUM COMPANY, a corporation.

No. 19247.

United States Court of Appeals,
Third Circuit.

Argued Sept. 16, 1971.

Decided Nov. 30, 1971.

Louis M. Tarasi, Jr., Conte, Courtney, Tarasi & Price, Pittsburgh, Pa., for appellant.

John K. Tabor, Pittsburgh, Pa. (Hayes C. Stover, James G. Groninger, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

The plaintiff-appellant Davis in a five count complaint accuses the defendant Gypsum and John J. Mason Associates, Inc. (Mason), and Mason's officers, John and Lois Mason and Rodenbaugh, not named as defendants, in substance of conspiring to deprive Cardinal American, Inc. (Cardinal American) of its most important asset, a distributorship for Grip-Strut Safety Grating granted to it by Gypsum.

Count 1 of the complaint alleges that Gypsum "transferred" or caused to be "transferred" a distributorship agreement for the sale of iron products from Cardinal American to Mason, Inc.; that Davis had guaranteed or was secondarily liable[1] on notes apparently given by Cardinal American to certain steel suppliers and when the distributorship was "transferred" Cardinal American became bankrupt and Davis became liable on the notes and was forced to pay them off causing him substantial losses.

Count 2 repeats all allegations of Count 1 and alleges that in furtherance of a conspiracy to defraud Davis, the persons and corporations previously named induced Mason to breach his fiduciary duty to Davis, who was a minority stockholder in Cardinal American as indicated, causing its ultimate destruction and losses to Davis, who was induced to leave his job with Cardinal American and take a position with Gypsum at a salary of $7,000 less a year, and that all of the foregoing was a conspiracy to defraud him, Davis.

Count 3 repeats all allegations of Counts 1 and 2, and alleges that Davis was forced to sell property valued at $19,100 to satisfy the notes upon which he was guarantor or accommodation endorser, and that this was because Gypsum and the Masons had tortiously interfered with the employment relationship between Davis and Cardinal American.

Count 4, repeating all allegations of Counts 1, 2 and 3, asserts that Gypsum induced Mason to breach his fiduciary duty to Cardinal American to form the new corporation, Mason, Inc., which obtained the franchise distributorship to the detriment of Davis, and as a result thereof Cardinal American went into bankruptcy and Davis sustained various losses which "totaled $92,100, with interest."

Count 5 is based on § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 of the Securities Exchange Commission, 17 C.F.R. § 240.-10b–5, and asserts that Gypsum induced Mason to breach his fiduciary duty to Cardinal American, form Associates and utilize his information, training and background obtained at Cardinal American for the benefit of Gypsum, Masons and Rodenbaugh and to the detriment of Davis. Rule 10b–5 of the Securities Exchange Commission is applicable, however, only in respect to the "purchase or sale" of a "security." There is no allegation of the purchase or sale of securities in the complaint.

---

1. The complaint is lacking in clarity.

A trustee in bankruptcy, Magram, was appointed for Cardinal American. He brought suit against Gypsum, Mason Associates, the Masons and Rodenbaugh, at Civil Action No. 67–376 in the United States District Court for the Western District of Pennsylvania,[2] claiming in substance that Gypsum and its co-defendants had wrecked Cardinal American financially for the benefit of the new corporation Associates, Inc., and for the profit of the Masons and Rodenbaugh. The complaint before Judge Miller at Civil Action No. 67–376 had nine counts, was fifteen pages in length, was repetitious and lacking in clarity. In substance it alleged that Cardinal American was deprived of its assets, including the distributorship for Grip-Strut Safety Grating, as a result of a conspiracy between Gypsum and the defendants named in the suit and was thereby rendered insolvent.

Judge Miller pointed out in his opinion that Paragraph 6(b) of the distributor agreement provided: "It is agreed that * * * either party hereto may *cancel and terminate* this agreement at any time on no less than thirty (30) days' written notice * * * with or without cause.", (*emphasis added*) and also decided that the "transfer" of the

distributor agreement was not within the purview of Section 67(d) of the Bankruptcy Act, as amended, 11 U.S.C. § 107(d). Judge Miller concluded therefore there could be no recovery by the trustee. Judgment was entered by Judge Miller and an appeal was taken but a settlement was arrived at and Trustee Magram gave the defendants a release in the usual terms.[3]

Insofar as we are aware or can determine from a search of the records before us, paragraph 37(d) of the complaint in the instant case, wherein Davis seeks to recover the value of his 49% stock interest in Cardinal American, is the only assertion of a claim by Davis which seems to be derivative in nature.

In the instant case Gypsum pleaded as an affirmative defense to the five counts the release [4] referred to and moved for summary judgment. Judge Dumbauld granted Gypsum's motion, deeming the release to be sufficient to dispose of the suit in its entirety. The order reads as follows: "And now, this 25th day of May 1970, upon consideration of defendant's * * * motion for summary judgment and of documents attached thereto, and of briefs in support thereof and in opposition thereto, and it appearing from the record that plaintiff's

---

2. Attached to so-called "Supplementary First Docket Entries" at Civil Action No. 69–1446 in the District Court is a document of 115 printed pages marked "ONE * * * TARASI * * * 1155 * * send galley proof * * * hsp * * * Cover and Pleadings to Come * * * Exhibit A. NOTICE." This document was made part of the record at No. 69–1446 by order of Judge Dumbauld. Part of Exhibit A is the opinion by Judge Miller in the suit brought by Trustee Magram at Civil Action No. 67–376 in the District Court.

   We ordered the complete record in Civil Action No. 67–376 to be certified to this court and also the bankruptcy proceedings, In the Matter of Cardinal American, Inc., No. 65–63 in Bankruptcy.

3. A settlement of the suit was effected by Trustee Magram. An appeal was taken to this court but was dismissed on March 5, 1969 pursuant to Rule 43(b), Federal Rules of Appellate Procedure, 28 U.S.C.

4. As follows: "The Plaintiff is barred from recovering for the cause of action set forth in the First Count because of the terms of a Release executed by Samuel O. Magram, Trustee in Bankruptcy of Cardinal American, Inc., under date of January 9, 1969, which Release terminated the proceedings at Civil Action No. 67–376, United States District Court for the Western District of Pennsylvania, the record thereof (including the Complaint, Answer and all Affidavits filed by any of the defendants in support of the Motion for Summary Judgment) is incorporated herein by reference, together with the record at No. 65–63, In Bankruptcy, United States District Court for the Western District of Pennsylvania.

   "Wherefore, the Defendant moves that the Complaint be dismissed and that judgment be entered in favor of the Defendant and against Plaintiff together with costs."

claims, *whatever their merits*, are *derivative in nature by virtue of his status as stockholder in Cardinal American, Inc., and primarily belong to said corporation; and the Court being of opinion that any choses in action of said corporation passed to its trustee in bankruptcy, and that said trustee's release to defendant dated January 9, 1969* [Ex. 3 to Kupsky affidavit] [5] *is sufficiently comprehensive to bar any of plaintiff's * * * derivative claims,* and that accordingly defendant is entitled to judgment as a matter of law, *it is ordered, adjudged and decreed and finally determined that judgment be entered in favor of defendant United States Gypsum Company and against plaintiff Stewart E. Davis.*" (Emphasis added) The appeal followed.

■ It will be observed that Judge Dumbauld did not pass upon the merits of any claim asserted by Davis but held that the Trustee's release disposed of all of Davis's claims. Judge Dumbauld's disposition seemingly is based entirely on the proposition that every claim asserted by Davis against Gypsum was a derivative claim owned in fact by Cardinal American. This position is not tenable.

■ It is hornbook law that claims asserted for the benefit of stockholders *qua* stockholders in a corporation because of the tortious acts of its officers or those actions in conjunction with them is a class suit, a derivative action, and recovery is for the benefit of the corporation directly and indirectly to its stockholders. It is equally clear that where a corporation, tortiously conspires with others to damage an individual and does so a cause of action arises which belongs to the individual.[6, 7] Recovery can then be had by the individual against the corporation. The District Court in the instant case has drawn too wide a net. Davis cannot maintain any claim belonging to Cardinal American and could not do so even if Magram's release had not been executed. We reiterate, as an example, he cannot maintain a suit for damages or other relief because of the loss of value of his 49% stock interest in Cardinal American, Count 4, paragraph 37(d) of the complaint. On the other hand, Davis's individual claims cannot be circumvented by Magram's release. For example, the release cannot bar Davis's recovery for any loss which he may have sustained by reason of his incurring liability on the notes which he alleges to have executed on behalf of Cardinal American, if it be shown that Gypsum, acting in conjunction with Mason, Inc., John and Lois Mason, and Rodenbaugh, or any of them, tortiously caused his individual loss. What has been said in respect to this individual claim of Davis's holds true in respect to other assertedly individual claims. However as to their validity we, of course, can presently express no opinion.[8]

The brief of Gypsum contains the statement, which perhaps holds the key

5. The Kupsky affidavit does not seem to aid the decision of the District Court.

6. This again is hornbook law, not only hornbook in Pennsylvania, the law of which controls here, but also in the other States. Compare Miller v. Post Publishing Co., 266 Pa. 533, 110 A. 265 (1920). *Cf.* Philadelphia Record Co. v. Curtis-Martin Newspapers, 305 Pa. 372, 157 A. 796 (1931); White v. First National Bank of Pittsburgh, 252 Pa. 205, 97 A. 403 (1916).

7. Since summary judgment was entered in favor of Gypsum and against Davis we accept all well pleaded facts and all reasonable inferences therefrom as true. See Rule 56, as amended, Fed.R.Civ.Proc., 28 U.S.C.

8. We are, however, unimpressed by the argument that because Gypsum had the right at any time to transfer or cancel the distributorship that this relieves Gypsum of liability as a conspirator. See Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 468, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The fact that this is a suit based on violation of the antitrust laws does not lessen its value as a precedent in the instant case. See also, Brunswick Corporation v. Vineberg, 370 F.2d 605 (5th Cir. 1967).

to its misunderstanding of the nature of the action as follows: "The District Court was correct in holding that each and every count fails to state a claim upon which relief can be granted, and its order for summary judgment should be affirmed." [9] The District Court, however, expressly stated in its judgment set out above that the trustee's release prevented Davis's recovery and stated that it was *not* passing upon the merits of these claims, saying "whatever the merits," the release was sufficient. Upon remand the District Court must pass upon the merits of the claims.

Other issues raised by the parties do not require discussion.

The judgment will be reversed and the case remanded with directions to proceed in accordance with this opinion.