Badami, Appellant, *v.* Dimson.

Argued March 20, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*George J. O'Neill,* for appellant.

*Raymond M. Seidel,* with him *Walton Coates,* and *High, Swartz, Roberts & Seidel,* for appellees.

OPINION BY WATKINS, J., September 19, 1973:

This is an appeal from a summary judgment entered in favor of the defendant-appellees, Ben Kramer and

Chronicle Publishing Co., Inc., and against Michael J. Badami, the plaintiff-appellant, in a civil action for libel and slander.

The original action brought by the appellant was against a number of defendants including the appellees, seeking damages for malicious prosecution, abuse of process, invasion of privacy, libel and slander. Summary judgment was granted to all defendants on all charges by the court below. This appeal is only from that part of the order entering summary judgment on the allegations of libel and slander.

The alleged defamation resulted from squibbs published in the Mainline Chronicle. The first article appeared on March 21, 1968:

"THAT LOWER MERION constable who collected $289 rent from a Hampton House tenant and who hasn't been seen since, is said to be in Jersey. (Probably so that he can be closer to the race track).

"In order to get the appointment as constable, he paid $700 to Jim McConnon—for the Republican Committee, of course."

On March 28, 1968, the following article appeared in the same publication:

"MIKE BADAMI was the constable to whom we referred last week in this column. He was the constable who paid $700 for the appointment, and who disappeared after collecting rent monies.

"Mike turned himself in Monday afternoon."

On April 11, 1968, the following article appeared:

"Mike Badami, the constable who is accused of fraudulent conversion, paid $700 for his job."

Summary judgment can only be granted in cases where there is no genuine issue of fact and where the moving party is entitled to a judgment as a matter of law. Pennsylvania Rules of Civil Procedure 1035. In determining whether there is a dispute of a material

fact, the court must take that view of the evidence most favorable to that party against whom the motion is directed, giving to that party the benefit of all favorable inference that might reasonably be drawn from the evidence, and thus placing the burden of proving the absence of any factual issue on the moving party. *Michigan Bank v. Steensen*, 211 Pa. Superior Ct. 405, 236 A. 2d 565 (1967).

Regarding the portion of the newspaper articles on the fact that appellant collected certain rent monies and then went to New Jersey there is clearly no issue of fact. Appellant admitted in his depositions that he collected the rent monies, went to New Jersey, returned and gave himself up when he learned that a warrant had been issued for his arrest, and that he was charged with a criminal offense. Truth is an absolute defense to a civil action for libel. *Matson v. Margiotti*, 371 Pa. 188, 88 A. 2d 892 (1952); Restatement, Torts, §582.

The appellant, by his own statements, admitted the substantial truth of these allegations. He actually cashed the tenant's check on February 23, 1968. He went to New Jersey and for sixteen (16) days failed to notify his employer that he had collected the rent. He did not tell his wife how long he was going to stay so that it was established that he had not been seen since collecting the rent. As the court below said: "After a review of the pleadings, the exhibits and the depositions of representatives of all the newspapers, as well as the depositions of the plaintiff, we find the following: That the publications were substantially true; that the defendant-newspapers acted reasonably and with neither knowledge of the falsity of any of the contents of the publication (and we have heretofore concluded that much or all of same were in fact true) nor with reckless disregard of whether the contents were false or not. See Rosenbloom v. Metromedia, 403 U.S.

29 (1971) which expanded and modified the principles enunciated in New York Times Co. v. Sullivan, 376 U.S. 254 (1964)."

The portion of the articles which stated that he had paid $700 for his job does not present a basis for a defamatory action. He never denied that he made a $700 contribution to a political party. He was an elected official so that it isn't possible for him to buy the office unless we use the innuendo that he used high sums to get elected. He had originally been appointed, but at the time of the articles, he was an elected official, but the election was actually determined by the voters. However, it is impossible to conceive how this constable, a public official, was defamed by this statement in the face of the privilege set forth in *Sullivan* and *Rosenbloom,* supra. As to the comments in the articles about the race track, it was stated in such a way that it can only be construed as the opinion of the writer of the article and did not provide a basis for an action of defamation.

A privilege now exists since the *Sullivan* and *Rosenbloom,* supra, cases as set forth in the Restatement, Torts, §606(1) : "(1) Criticism of so much of another's activities as are matters of public concern is privileged if the criticism, although defamatory, (a) is upon, (i) a true or privileged statement of fact, or (ii) upon facts otherwise known or available to the recipient as a member of the public, and (b) represents the actual opinion of the critic, and (c) is not made solely for the purpose of causing harm to the other."

We agree with the court below that there are no genuine issues in fact involved in this matter and the summary judgment was properly granted by the court below as a matter of law.

Judgment affirmed.