Irving J. WOLF, Trustee, Appellant at No. 329,

v.

Jerome FRIED, Arnold Weinstein, Louis Como and Lawrence
Laupheimer and Nazareth Fairgrounds and
Farmers Market, Inc.

Irving J. WOLF, Trustee

v.

Jerome FRIED, Arnold Weinstein, Louis Como and Lawrence
Laupheimer, and Nazareth Fairgrounds and Farm-
ers Market, Inc., Appellants at No. 116.

Supreme Court of Pennsylvania.

Argued Oct. 12, 1976.

Decided June 3, 1977.

28

Martin H. Philip, Palmerton, F. Paul Laubner, Allentown, for appellant at No. 329 and for appellee at No. 116.

Frank S. Poswistilo, Easton, for appellants at No. 116 and for Appellees at No. 329.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

■ This appeal [1] stems from a stockholders' derivative suit instituted by Irving J. Wolf as trustee for two minority stockholders [2] of Nazareth Fairgrounds and Farmers Market, Inc. against the corporation; two directors, Louis Como, president, and Lawrence Laupheimer, secretary; the general manager, Jerome Fried; and corporate counsel, Arnold Weinstein. Plaintiff asserts that directors Como and Laupheimer violated section 408 of the Business Corporation Law [3] by extinguishing a

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II § 202(4), 17 P.S. § 211.202(4) (Supp.1976). Subsequent to the filing of this appeal, 17 P.S. § 211.202(4) was suspended by Pa.R.A.P. 702(b). Therefore, although jurisdiction to hear appeals from actions or proceedings in equity is presently vested in the Superior Court, in light of this record we deem it appropriate to continue jurisdiction of this appeal.

2. The trustee, Irving J. Wolf, holds approximately twenty-eight shares of stock in trust for Martin H. Philip, Esquire and Wilson D. Rehrig.

3. Act of May 5, 1933, P.L. 364, § 408, formerly codified as 15 P.S. § 1408 (1967).

valid debt which Fried owed to the corporation [4] through the guise of commissions and fees which were not supported by consideration.

Section 408 of the Business Corporation Law provides:

"Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in their personal business affairs." [5]

■ In *Selheimer v. Manganese Corporation of America*, 423 Pa. 563, 224 A.2d 634 (1966), this Court interpreted section 408. We held that even in the absence of fraud, self-dealing, or proof of personal profit or wanton acts of omission or commission, the directors of a corporation may be held personally liable where they have been imprudent, wasteful, careless and negligent and such actions have resulted in corporate losses. Although this Court noted that " 'courts are reluctant to interfere in the internal management of a corporation,' " we recognized that the "personal affairs rule" standard of section 408 imposed a higher duty of care on corporate fidu-

4. The corporation had a valid judgment against Fried in the amount of $93,900.01 arising out of a violation of section 249 of the Bankruptcy Act, 11 U.S.C.A. § 649 (1970).

5. Act of May 5, 1933, P.L. 364, § 408, formerly codified as 15 P.S. § 1408 (1967). Subsequent to our decision in *Selheimer v. Manganese Corporation of America*, 423 Pa. 563, 224 A.2d 634 (1966), the Legislature amended § 408. Section 408 was amended on July 20, 1968. It now provides:
"Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances."
The chancellor determined that the acts which appellants allege to be in violation of section 408 occurred prior to this amendment and applied the more stringent standard of care enunciated in section 408 prior to its amendment. The parties do not challenge the application of this standard.

ciaries than the common law. 423 Pa. at 573–74, 224 A.2d at 644. Whether the duty of care has been met is a question of fact to be determined by an examination of all the circumstances in the case. 423 Pa. at 581, 224 A. 2d at 644.

■ Applying this standard, the chancellor concluded that the directors did not violate their fiduciary relationship with the corporation and that they exercised sound business judgment in paying Fried the commissions and fees. The chancellor found that the commissions were reasonable and supported by adequate consideration.[6] The chancellor's findings, affirmed by the court en banc, will not be disturbed on appeal if supported by sufficient evidence. *Cohen v. Sabin,* 452 Pa. 447, 451, 307 A.2d 845, 848 (1973); *Dozer Agency, Inc. v. Rosenberg,* 431 Pa. 321, 323, 246 A.2d 330, 331 (1968); *Selheimer v. Manganese Corporation of America,* supra; *McRoberts v. Phelps,* 391 Pa. 591, 597–98, 138 A.2d 439, 443 (1958).

The chancellor found that in 1967 Fried, as general manager, supervised the Farmers Market and negotiated short-term leases with various local merchants. At that time, the corporation was experiencing financial difficulties. Fried approached Como, the president of the corporation, and indicated that he thought that he could build up the Farmers Market by negotiating long-term leases with major tenants. However, Fried threatened to quit

6. Appellees filed a cross-appeal in the Superior Court which was certified to this Court. In his first decree on October 2, 1974, the chancellor surcharged appellants Como and Laupheimer $12,000 as a result of a commission paid to Fried because Fried was compensated for past services. Subsequently, the court en banc determined that the surcharge should be vacated because the stockholders ratified the payment of the commission. See e. g., *Smith v. Brown-Borhek Co.,* 414 Pa. 325, 200 A.2d 398 (1964); *Chambers v. Beaver-Advance Corp.,* 392 Pa. 481, 140 A.2d 808 (1958). In their cross-appeal appellees assert that there was no need for stockholder ratification for a $12,000 commission which the corporation paid to Fried, the general manager of the corporation. In light of the vacation of the $12,000 surcharge, we need not address the issue raised in appellees' cross-appeal.

and refused to undertake additional work unless he was compensated at a higher salary. At a meeting of the Board of Directors, defendants Como, Laupheimer and Weinstein agreed that in order to induce Fried to remain with the corporation, the corporation would offer him a 5% commission on major leases which Fried negotiated, so long as Fried used the commissions to reduce the debt which Fried owed the corporation. In addition, directors Como and Laupheimer agreed to compensate Fried for supervising the renovation and reconstruction of the Farmers Market and to pay him 10% of construction costs for acting as general manager and supervising contractor. Fried remained with the corporation on these terms. Pursuant to these agreements, Fried received approximately $77,375 during 1967 and 1968 in addition to his regular salary. These amounts were used to reduce the debt which Fried owed to the corporation.

Plaintiff alleges that the payment of $77,375 was not supported by consideration, and that the directors violated their fiduciary duty to the corporation and wasted corporate assets. The chancellor found that the directors thought that Fried, who had managed the Farmers Market since 1952, was in a unique and knowledgeable position because of his extensive experience.[7] The chancellor concluded that the commissions and fees were reasonable and did not waste corporate assets. We agree. The record does not support a conclusion that the directors did not exercise business judgment that "ordinarily prudent men would exercise under similar circumstances in their personal business affairs."[8] *Selheimer*

7. The chancellor also found that the directors decided that although Fried owed the corporation $93,000, he was not in a position to repay the corporation.

8. Appellants rely on *Bellis v. Thal,* 373 F.Supp. 120 (E.D.Pa.1974), aff'd, 510 F.2d 969 (1975), to assert that appellees have the burden of proving the good faith and fairness of the agreement with Fried. Appellants' reliance on *Bellis* is misplaced. In *Bellis,* the burden shifted to the directors of the corporation to prove good

v. *Manganese Corporation of America*, 423 Pa. 563, 224 A.2d 634 (1966).

Decree affirmed. Each party pay own costs.

JONES, former C. J., did not participate in the decision of this case.

faith and fairness because there was self-dealing involved. The court noted that where there is no self-dealing (i. e. the transaction is not at arm's length), "the burden does not shift to the fiduciary . . . . [Absent self-dealing] the plaintiffs must show that the defendants breached their duty and that the conduct complained of was not fair or in the interest of the corporation." 373 F.Supp. at 124. Here, there is no evidence that the directors personally benefited from the transactions with Fried. Compare *Seaboard Industries, Inc., v. Monaco*, 442 Pa. 256, 276 A.2d 305 (1971) (directors jointly liable for diverting a corporate opportunity to their own personal use). Therefore, appellants have the burden of establishing a violation of section 408.