420 A.2d 1078

Eleanor R. HILL, individually and on behalf of herself and all other stockholders of Hill Equipment Company, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, Appellants,

v.

Hubert H. HILL and Stanley R. Griffin and Hill Equipment Company, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed May 30, 1980.

Paul V. Mahoney, Uniontown, for appellants.

David E. Cohen, Uniontown, for appellees.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

This equity action was initiated by Appellant to secure an accounting from the individual Defendants–Appellees on the basis of an alleged breach by Appellees of their fiduciary duties as Directors of Hill Equipment Company (hereinafter referred to as "Hill Co."). Further, the Appellee sought to secure a declaration that certain assets acquired by Hillcrest Oil Service Equipment Company (hereinafter referred to as "Hillcrest Co.") from the Hill Co. should be held in trust for the benefit of Appellants.

Plaintiff–Appellant Eleanor R. Hill and Defendant–Appellee Hubert H. Hill were husband and wife.[1] The record in this case demonstrates that underlying the dispute between the parties was a marital and property dispute between Mr. and Mrs. Hill. Certain facts appear undisputed in the record. In 1968, Mr. and Mrs. Hill incorporated Hill Co.

1. It appears that Mr. Hill died on or about January 8, 1976, after entry of this action which was filed March 13, 1974. Ira B. Coldren, Jr., Esq., was appointed Executor of the Estate of Hubert H. Hill and participated in these proceedings as such after the death of Mr. Hill. His appearance had been initially entered as attorney for Mr. Hill, and after the death, Attorney Coldren was represented as Executor of the Estate by David B. Cohen, Esq. However, we find no notation of record of the filing of any praecipe for Mr. Cohen's appearance, or any activities by the parties to cause an amendment of the caption of the case to reflect the fact of the death of Mr. Hill.

Of the 2,700 shares authorized, Mrs. Hill was issued 1,349 and Mr. Hill received 1,351. Both Mr. and Mrs. Hill were on the Board of Directors, along with the Defendant–Appellee, Stanley R. Griffin, who was the accountant for Hill Co. Mr. Hill was the President and manager of the concern, which engaged primarily in the installation of equipment in gasoline service stations. Mrs. Hill worked as a full–time bookkeeper of the company until September 20, 1971, when she was dismissed from that position. Despite the termination of that employment, Mrs. Hill continued to serve as a director until 1974, receiving a director's fee of $125.00 weekly during this period.

During the years 1971 through 1974, Mr. Hill also operated two car wash businesses known as Colonial Car Wash (in Connellsville, Pennsylvania) and Maple Lane Car Wash (in Uniontown, Pennsylvania). Hill Co. serviced these stations at various times. In March, 1973, Mr. Hill organized Hillcrest Co. to conduct a similar business to that being conducted by Hill Co. However, Hillcrest Co. did not actually start to do business until June, 1974. Mr. Hill and Stanley R. Griffin were officers and directors of Hillcrest Company.

Prior to her discharge from employment in 1971, Mrs. Hill was also employed by her husband as a bookkeeper for the two car washes which he owned as an individual. The real estate on which the Connellsville car wash was operated was held by Mr. and Mrs. Hill as tenants by the entireties. The land on which the Uniontown car wash was operated was leased from a third party. The equipment used by both car wash facilities was held, in a separate proceeding, to belong to Mrs. Hill as a surviving tenant by the entireties.[2]

After extended hearings in the lower court, the Chancellor issued the following Decree Nisi:

1. That all injunctions and orders heretofore entered, particularly including the order of June 17, 1975, enjoining the dissolution of the Hill Equipment Company, remain in full force and effect until further order of the Court.

2. *In re Estate of Hubert Hill,* No. 33 of 1976 in the Court of Common Pleas of Fayette County, Orphans Court Division.

2. That the estate of Hubert H. Hill account for all transactions between the Hillcrest Oil Equipment Service Company and the Hill Equipment Company, particularly including the sale of a car wash conveyor and rental for the use of the Hill Equipment Company equipment and shop.

3. That such accounting reflect the then existing fair market value of all benefits derived by Hillcrest from all of its transactions with Hill Equipment Company, particularly including the sale of a car wash conveyor and rental for the use of the Hill Equipment Company equipment and shop, with full credit for amounts already paid.

4. That the Estate of Hubert H. Hill pay the amount found to be owed to the Hill Equipment Company.

5. That the costs shall be borne by the Estate of defendant, Hubert H. Hill, deceased.

Exceptions were filed and overruled by the Court en banc, and the Decree Nisi was entered as the Final Decree, from which this appeal has arisen. On this appeal, Appellant seeks:

(1) an accounting from the individual Defendants–Appellees for corporate funds of Hill Co. used by them for their individual benefits;

(2) an accounting for profits derived by Hillcrest Co. from the diversion of corporate opportunities from Hill Co. to Hillcrest Co.; and,

(3) the declaration of a constructive trust for that property acquired by Hillcrest Co. on which the Appellant, Eleanor Hill and her husband, the Appellee Hubert H. Hill had held an option for purchase, prior to the acquisition of said property by Hillcrest Co., allegedly with funds of Hill Co. or related entities.

We shall address each of these issues seriatum, below.

## CORPORATE FUND MISUSE

The first issue confronting us in this appeal is whether the evidence supports a finding that Mr. Hill and Mr. Griffin

unlawfully used corporate funds of Hill Co. for individual benefit. Appellant directs our attention only to the use of Hill Co. assets in the operation of the two car washes operated by Mr. Hill, individually, from September, 1971, through 1974.[3]

The finding of fact made by the Chancellor on this subject was: "Between September of 1971 and June of 1974, the Hill Equipment Company performed services for and loaned funds to the Colonial Car Wash and the Maple Lane Car Wash, as had been the practice before September of 1971. The remuneration involved was substantially below the rate charged unrelated businesses. However, both stockholders of Hill Equipment Company owned some part of the assets of the two car washes." However, the Chancellor refused to order an accounting of these transactions between Mr. Hill and Hill Co. because ". . . the major assets of the businesses were clearly owned by Hubert H. and Eleanor R. Hill as tenants by the entireties." Although he recognized that Mr. Hill was the sole proprietor of those businesses, the Chancellor refused to order an accounting because he found there was no evidence to show that the benefits of these transactions were unfairly divided between the two parties, and even if there was such evidence, he expressed an unwillingness to delve into the details of the financial support in the parties' marriage relationship. The Chancellor stated he was expressing no opinion as to whether or not creditors of the allegedly insolvent Hill Co. would be able to challenge such transactions.

■ We agree with the Chancellor that the instant proceeding was not a case in which the adjustment of the interests of Mr. and Mrs. Hill in their entireties property or their marital support problems should have been involved. However, we cannot agree that the refusal to order an

3. Although there is also some mention made of the use of the entireties property held by Mr. and Mrs. Hill, Mrs. Hill is not seeking, in this proceeding, an accounting for herself as surviving tenant by the entireties for the use by Mr. Hill of the property, but only an accounting of the assets of Hill Co. used by Mr. Hill in the operation of the two car wash businesses.

accounting was proper in light of the Chancellor's finding that the Corporation charged the director's individually owned businesses a rate substantially below that which would have been charged to unrelated businesses. We are of the opinion that the reasons given by the learned Chancellor for refusing to order an accounting of such transactions between Mr. Hill and Hill Co. were not valid. Having found that the transactions were for the advantage of Mr. Hill, and contrary to the interests of all stockholders and creditors of Hill Co., he should have ordered that an accounting of the same be made.

In *Lutherland, Inc. v. Dahlen*, 357 Pa. 143, 151, 53 A.2d 143, 147 (1947), Justice (later Chief Justice) Stern described the statutory obligations of a corporate officer or director under our Business Corporation Law: [4]

" * * * [Officers and directors] must devote themselves to the corporate affairs with a view to promote the common interests and not their own, and they cannot, either directly or indirectly, utilize their position to obtain any personal profit or advantage other than that enjoyed also by their fellow shareholders: *Bird Coal and Iron Co. v. Humes*, 157 Pa. 278, 287, 27 A. 750, 752, 37 Am.St.Rep. 727; *Porter v. Healy*, 244 Pa. 427, 435, 436, 91 A. 428, 431. In short, there is demanded of the officer or director of a corporation that he furnish to it his undivided loyalty; if there is presented to him a business opportunity which is within the scope of its own activities and of present potential advantage to it, the law will not permit him to seize the opportunity for himself; if he does so, the corporation may elect to claim all of the benefits of the transaction. Nor is it material that his dealings may not have caused a loss or been harmful to the corporation; the test of his liability is whether he has unjustly gained

4. See the Act of May 5, 1933, P.L. 364, art. IV, § 408, 15 P.S. § 1408, which, as amended in 1968, provides:

Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances.

enrichment. *Bailey v. Jacobs,* 325 Pa. 187, 194, 189 A. 320, 324."

The fiduciary role held by Mr. Hill certainly would not have allowed him to personally profit, at the corporation's loss, in these circumstances. Repayment should be ordered to the Hill Co. for any losses sustained in such transactions. Normally, such payment should come from any director who permitted such corporate losses to occur. In the instant case, not only would Mr. Hill's estate be held liable, but Appellee Griffin, also a director, could be held liable. See *Seaboard Industries, Inc. v. Monaco,* 442 Pa. 256, 276 A.2d 305 (1971), where the Supreme Court found joint liability for the total loss where two officers of a corporation conspired to divert a corporate opportunity, even though one of the officers benefited far more than the other by the transaction. The record in this case contains no findings by the Chancellor with regard to the possible liability of Appellee Griffin for any losses sustained by Hill Co. as a result of the various transactions for which an accounting and other relief were sought by Appellant. We must therefore remand this case for further fact finding with regard to that issue of liability.

## DIVERSION OF CORPORATE OPPORTUNITIES

The Appellant argues that the Appellees are liable for profits arising from the alleged diversion of corporate opportunities from Hill Co. to Hillcrest Co. In our analysis of this issue, we first refer to the discussion of the facts offered by the Chancellor concerning Hillcrest Co.:

"Sometime in 1973 defendant Hubert Hill formed the Hillcrest Oil Equipment Service Company, allegedly to bid on 'union' jobs which Hill Equipment Company could not bid on. This corporation, which was 95% owned by Hubert Hill, did not actually transact any business until mid–1974 when, using the manpower, management, equipment and location formerly used by Hill Equipment Company, it began contracting for and doing the same type of jobs formerly done by the Hill Equipment Company.

Simultaneously, the Hill Equipment Company ceased active operations. Sometime later the Hillcrest Oil Equipment Service Company bought the real estate which had formerly been used by Hill Equipment and also two adjoining parcels of land which could have been useful to either company.

The Chancellor then explained that while the Appellant contended that this course of conduct established a breach of fiduciary duties, the defense asserted that the emergence of Hillcrest Co. and the disappearance of Hill Co. could be explained by the financial inability of Hill Co. to continue operations, despite the best efforts of Mr. Hill to obtain financing for Hill Co. The Chancellor found that Mr. Hill tried several ways to arrange financing for the financially depressed Hill Co., but was not successful in these efforts. It was held that under these circumstances, therefore, the Chancellor would not punish Mr. Hill for seizing opportunities for business that Hill Co. could not seize. Thus, the Chancellor refused to order an accounting to the Appellant for the profits of Hillcrest.[5]

The Chancellor chose to analyze this issue on the basis that Mr. Hill seized the corporate opportunities of Hill Co. only after it became plain that Hill Co. could not itself enjoy such opportunities because of its financial condition. There is certainly legal precedent to support that finding by the Chancellor. See *Robinson v. Brier*, 412 Pa. 255, 194 A.2d 204 (1963). However, we believe that the lower court has, in

5. The Chancellor did offer some limited relief to the Appellant as a result of transactions involving Hillcrest Co. He found that after Hillcrest Co. started operations, it rented the equipment and shop of the Hill Co., and that Mr. Hill set the rental rates in the exercise of his own discretion. He found that such rental transactions constituted a clear case of self dealing which placed the burden of proving fairness on the interested director. See *Wolf v. Fried*, 473 Pa. 26, 373 A.2d 734 (1977). The Chancellor determined that the burden had not been met. In addition, he found that car wash conveyor equipment belonging to Hill Co. had been installed by Hillcrest in a car wash in Mt. Pleasant. No evidence had been introduced to show that any compensation had been paid to Hill Co. for such equipment. Thus, as to these limited aspects of the Appellant's claims concerning Hillcrest, the Chancellor found that an accounting was appropriate.

these circumstances, ignored the fundamental concept that an officer or director may seize a corporate opportunity if the same is made known to the shareholders, who consent to the acquisition of the opportunity by the individual officer or director instead of the corporation, and such action is not detrimental to the creditors of the corporation. See *Stony Brook Lumber Co. v. Blackman*, 286 Pa. 305, 309, 133 A. 556, 557 (1926). In the instant case, there is no evidence of knowledge and approval of the Hillcrest Co. transactions by Mrs. Hill, either in her capacity as a minority shareholder or even as a director of Hill Co. The importance of that lack of knowledge is readily apparent in the instant case when one recognizes that the Chancellor found that Mrs. Hill was ready to advance money to the Hill Co. for its operations, if her husband would relinquish his majority control. We do not find it necessary to decide whether Mr. Hill was obligated to relinquish such control in order to gain financing for Hill Co. However, we must conclude that it would certainly have been meaningful in attempts to raise funds from Mrs. Hill or any source, if the corporate opportunities of which Hillcrest Co. took advantage had been explained to those who might have financed Hill Co., in order to allow it to exercise the same opportunities. In light of that analysis, we must hold that the Appellant was improperly denied an accounting as to the profits of Hillcrest Co. The same shall be ordered.

## OPTIONS TO PURCHASE

■ The Appellant argues on this appeal that certain real property located in the City of Connellsville, Pennsylvania, now owned by Hillcrest Co., should be found to be in a constructive trust for Hill Co. The land in issue was the site of the Hill Co. office as well as that of the Colonial Car Wash, which Mr. and Mrs. Hill owned as tenants by the entireties. The evidence showed that Mr. and Mrs. Hill jointly held an option to purchase the land in question. However, the option was permitted to expire and thereafter Mr. Hill caused the property to be purchased by Hillcrest Co.

Mrs. Hill was not notified of the expiration of the option or of the purchase of the property by Hillcrest Co. On this appeal, she argues that the property transaction constituted a diversion of a corporate opportunity of Hill Co., to Hillcrest Co. by Mr. Hill.

We do not find the Appellant's contentions with regard to this issue to be meritorious. There was no evidence to show that the option for the purchase of the land was held by Mr. and Mrs. Hill for the benefit of Hill Co. On the contrary, it would appear that the option would have been held in the same way as the buildings on the property and the car wash equipment to which we earlier made reference, which had been held by Mr. and Mrs. Hill as tenants by the entireties. In light of that situation, we decline to consider the expiration of the option and the property purchase by Hillcrest as a lost opportunity of Hill Co. We find it inappropriate to order an accounting with respect to that transaction.

It might be argued that when a court of equity assumes jurisdiction in a dispute, it may resolve related issues between the parties in order to avoid a multiplicity of actions. However, we shall decline to resolve matters relating to entireties property or other subjects closely involving the marital relationship between Mr. and Mrs. Hill. Such problems are simply not before our Court in the instant stockholder action. However, our failure to consider such matters should not be construed in any way to prejudice the rights of Mrs. Hill to raise such claims or issues in other proceedings. Of course, we make no findings whatsoever regarding the validity of such claims in the context of the instant appeal.

## SUMMARY AND CONCLUSION

As a result of our review, and in accordance with the foregoing discussion in this Opinion, the following are ordered, in addition to the orders contained in the Final Decree of the lower court:

A. That a suggestion of the death of Hubert H. Hill shall be made a part of the record in this case and the names of the Defendants–Appellees shall be amended, in the caption, to read: "Ira B. Coldren, Jr., Executor of the Estate of Hubert H. Hill, deceased, and Stanley R. Griffin, and Hill Equipment Co., a corporation organized and existing under the law of the Commonwealth of Pennsylvania.

B. That David E. Cohen, Esq. and any and all other counsel of record for Appellees, file of record in the court below their appearance for the Estate of Hubert H. Hill, deceased, and such other parties as they may represent.

C. That the Estate of Hubert H. Hill, deceased, now being administered by Ira B. Coldren, Jr., Executor, account to Hill Equipment Co. for all transactions between Hill Equipment Co. and Hubert H. Hill in the operation of his businesses known as the Colonial Car Wash and the Maple Lane Car Wash. Further, that the Estate of Hubert H. Hill, and, in the event that he is found liable for same, Stanley R. Griffin, shall pay to the Hill Equipment Co. the difference between the then regular established rates of the Hill Equipment Co. for such services and equipment as were rendered to the two car wash businesses, and the actual rates charged for same by the Hill Equipment Co.

D. That the individual Defendants, the Estate of Hubert H. Hill and Stanley R. Griffin, account for all transactions conducted by them as Hillcrest Oil Equipment Service Co. after June, 1974, and the profits derived from such transactions.

E. All additional costs resulting from this appeal and the orders of this Court shall be paid by the Defendants–Appellees.

Further, this case must be remanded to the lower court for further proceedings and inquiry concerning the potential liability of Defendant–Appellee Stanley R. Griffin, in connection with his possible breaches of his fiduciary responsibilities in his service as a director of the Hill Equipment Co.

Affirmed in part; reversed and remanded in part for further proceedings consistent with this Opinion.

LIPEZ, J., filed a concurring opinion.

CERCONE, President Judge, joins in this majority opinion as well as in the concurring opinion filed by LIPEZ, J.

LIPEZ, Judge, concurring:

I agree with the results reached by the majority on all aspects but I am somewhat uneasy with what might be the implication of some of the language used in connection with the diversion of corporate opportunities. I agree that, under the circumstances, Hillcrest improperly seized corporate opportunities to the detriment of Hill Co. However, it does not, as the majority seem to say, necessarily require the shareholders' "consent to the acquisition of the opportunity by individual officers or directors instead of the corporation." Ante p. 1082. Of course if the shareholders with knowledge of corporate opportunity consent, there is no problem. But that is not to say that, if there is no such consent, there is necessarily a usurpation.

Transactions involving corporate officers or directors and their corporations are governed by strict standards of fairness with a "heavy burden" on the interested corporate officers or directors of demonstrating the fairness of the transaction. *Robinson v. Brier*, 412 Pa. 255, 259, 194 A.2d 204, 207 (1963). Whether a corporate fiduciary has improperly availed himself of a corporate opportunity is a question of fact to be determined from the surrounding circumstances at the time the corporate opportunity arose. *Borden v. Sinskey*, 530 F.2d 478 (3 Cir. 1976). In my judgment, the appellees failed to sustain their burden of demonstrating fairness and hence the appellants are entitled to an accounting of Hillcrest's profits.

CERCONE, President Judge, joins in this concurring opinion.