**Litz v. McGrath**

*Peter J. Verderame,* for plaintiff.
*David MacFarlan,* for defendant.

RUFE,*J.,* November 18, 1980—Defendant Dunn and Grasso Performance (Dunn) has moved for summary judgment pursuant to Bucks County Rule of Procedure *266.

The pleadings, affidavits and supporting documents of record establish the following undisputed facts. Defendant Dunn is an automobile repair shop. On June 10, 1978 its employe Chester Walker (Walker) was driving a car entrusted to it, accompanied by a passenger, defendant Michael McGrath (McGrath). McGrath, with "encouragement" from Walker, threw an object at decedent plaintiff Velma Litz, a pedestrian, causing injury. Although Walker is not a party to this action, the complaint alleges that he was jointly liable with McGrath for decedent's injury. Plaintiff thus seeks to hold Dunn vicariously liable for Walker's act under the doctrine of respondeat superior.

Dunn's answer avers under new matter that the action is barred by decedent's release of Walker, and Dunn filed Walker's affidavit, with a copy of the release attached, in support of the instant motion. Dunn filed its motion and supporting memorandum on June 5, 1980 and praeciped the motion for disposition on June 24. Plaintiff, however, has neither replied to Dunn's new matter, answered the motion, offered evidence opposing the affidavit nor submitted an opposing memorandum. The only substantive issue is whether release of a servant bars an action against his master, if the master is liable only because of the respondeat superior role.

We believe that decedent's release of Walker bars the claim against Dunn, and will therefore grant the motion.

Summary judgment is properly entered if there is no genuine issue of material fact: Coal Operators Cas. Co. v. Charles T. Easterby & Co., 440 Pa. 218, 269 A. 2d 671 (1970). The moving party has the burden of proving the absence of a material issue: Badami v. Dimson, 226 Pa. Superior Ct. 75, 310 A. 2d 298 (1973). The court may rely on the pleadings for any uncontroverted facts, Pfaff v. Gerner, 451 Pa. 146, 303 A. 2d 826 (1973), but must examine the record in the light most favorable to the non-moving party: McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969).

Since plaintiff's failure to reply to Dunn's new matter admits the factual averments therein, Pa.R.C.P. 1029(b), it is undisputed that decedent plaintiff released Walker. Furthermore, this fact is established by Walker's unopposed affidavit and copy of the release attached thereto. Although we have found scant Pennsylvania authority on the issue, we believe that release of Walker bars the action against Dunn under the authority of Largent v. Means, 121 Pitts. L.J. 324 (1973). See Betcher v. McChesney, 255 Pa. 394, 100 Atl. 124 (1917).

The rationale of Largent and Betcher is that plaintiff is only entitled to a single recovery for his injury. The Betcher court wrote at 397-98, 100 Atl. at 125, that:

"If [the servant] answered over to the plaintiff for his negligence, that put an end to the [master's] liability, for plaintiff was entitled to nothing but compensation for his injuries, once for all. . . .

[T]he law gives the right of election, the party may sue either master or servant . . . but it by no means follows that if he sue the one and obtain judgment that he can afterwards sue the other. . . ."

Betcher describes how an unsatisfied judgment against the servant extinguishes the cause of action against the master. In Largent the court held a release of the servant extinguishes the master's liability.

Respondeat superior implies that the liabilities of master and servant inter sese are secondary and primary, respectively, Ragan v. Steen, 229 Pa. Superior Ct. 515, 331 A. 2d 724 (1974); Largent, supra, such that the master is entitled to indemnity from the servant rather than contribution: Id. Since respondeat superior does not make the master a joint tortfeasor, the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. §§8321-8327 (formerly 12 P.S. §§2082-2089), cannot preserve a right of action against the master if the servant has been released. See 42 Pa.C.S.A. §8326.

We conclude that decedent plaintiff's release of Walker extinguished her cause of action against his employer Dunn and Dunn's motion should be granted. Accordingly, we enter the following

## ORDER

And now, November 18, 1980, the motion of defendant Dunn & Grasso Performance for summary judgment is hereby granted, and it is hereby ordered that judgment be entered in favor of defendant Dunn & Grasso Performance only.