461 A.2d 243

William E. FITZPATRICK, Appellant,

v.

Arlo A. SHAY and his wife, Patricia A. Shay. (Two cases).

Superior Court of Pennsylvania.

Argued Feb. 16, 1982.

Filed May 27, 1983.

Robert Sullivan, Lebanon, for appellant.

Thomas N. Cooper, Lebanon, for appellees.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

MONTEMURO, Judge:

On May 16, 1981, the lower court entered two separate orders granting summary judgment against plaintiff-appellant, William E. Fitzpatrick, and in favor of defendant-appellees, Arlo A. Shay and Patricia S. Shay. One order involved a case in equity, and the other order an action at law, in assumpsit. Appellant takes this appeal from both orders.

Appellant and the husband-appellee were stockholders in a Pennsylvania Corporation, Great Oak Enterprises, Inc. (hereinafter Great Oak), which owned as its sole asset a large tract of land in Lebanon County.

At the time of the transactions complained of herein Shay was an officer and director of the corporation. He also owned two-thirds (⅔) of the outstanding stock. Fitzpatrick was an officer of the corporation and owned one-third (⅓) of the outstanding stock.

Between April, 1971 and July, 1977, Great Oak, by deed, granted and conveyed individual tracts of land to the appellees in five separate transactions. Appellant contended that at the time of the transfer of each lot, the appellee, Arlo A. Shay, orally agreed to pay the appellant one-third (⅓) of the fair market value of each of the lots. Appellant asserts that no consideration was ever paid to the corporation, nor were any amounts paid to him in satisfaction of the alleged oral promise. However, each deed contains a recital of consideration and each was signed by the appellant as secretary-treasurer of Great Oak.

The land was developed by appellees and an apartment complex was built. Great Oak was subsequently sold to third parties and neither appellant nor appellees retained any interest in the corporation. This sale took place prior to the commencement of this action.

■ Summary judgment can only be granted in cases where there is no genuine issue of any material fact, and where the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. In determining whether there is a dispute of material fact, the court must view the evidence most favorably to the non-moving party, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, and thus placing the burden of proving the absence of any factual issue on the moving party. *Badami v. Dimson*, 226 Pa.Super. 75, 76–77, 310 A.2d 298, 299–300 (1973). For purposes of clarity, we shall analyze each of the actions separately.

## A. EQUITY

In the equity case, appellant asserted a cause of action for "conversion of a corporate purpose."[1] and demanded an accounting of profits from the land and one-third (⅓) of those profits. Appellees admit the sales of land took place, but deny any "conversion of corporate purpose." They further assert that consideration was paid as evidenced by the recital of consideration in each deed. By way of New Matter, the appellees assert that appellant ratified the transactions by signing the deeds. They also raise the defenses of statute of limitations, statute of frauds, laches and merger.

The depositions of the parties were taken. Subsequently, appellees filed a motion for summary judgment, alleging that: (1) Patricia A. Shay was not a party to any of the transactions, nor was she an officer or director of Great Oak; (2) any claims were barred by the applicable statute of limitations; (3) Great Oak, not the appellant, was the real party in interest; and (4) equity was without jurisdiction because Great Oak was an indispensible party to the action.

The appellant in its answer to the summary judgment motion countered with assertions that appellees waived any argument with respect to the appellant's party status by failing to include said argument in the pleadings; and that the appellant was the intended third party beneficiary of a contract between Great Oak and appellees.

The trial court disregarded the appellant's assertion that the real party in interest argument was waived and granted summary judgment on that basis. The court found that any money owed was owed to the corporation and that appellant had no standing to bring the action since he had sold all his interest in Great Oak, without reserving any right of action.

It is axiomatic that a corporation has a cause of action against its officers and directors for breach of a

---

1. Our research has not uncovered any cause of action so entitled. However, we shall treat it as if properly designated: *i.e.,* "usurpation of corporate opportunity."

fiduciary duty. 15 P.S. § 1408. *Hill v. Hill,* 279 Pa.Super. 154, 420 A.2d 1078 (1980). It is also axiomatic that a shareholder may assert a derivative action on behalf of the corporation where the shareholder has demanded that the corporation assert the right underlying the action and the corporation has refused. 15 P.S. § 1516. Pa.R.C.P. 1506(2). While the individual plaintiff need not own stock in the corporation at the time of the institution of the action, he must allege in his complaint, "that each plaintiff was a stockholder or owner of an interest in the corporation or other entity at the time of the transaction of which he complains . . . ." Pa.R.C.P. 1506(1). Moreover, in a derivative action, the corporation is a required party. Pa.R.C.P. 2177. *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727 (3 Cir.1970); *cert. denied,* 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971); *Hess v. M. Aaron Co.,* 4 D. & C.3d 153 (1979). Guided by these standards we conclude that the trial court was correct. However, our analysis is somewhat different.

The grant of summary judgment was proper for two reasons. First, the appellant failed to join Great Oak as a party to the action. Second, the appellant ratified the sales of the properties in his capacity as secretary-treasurer.

 Pa.R.C.P. 2177 requires that an action shall be prosecuted by a corporation in its corporate name. *Davis v. United States Gypsum Company,* 451 F.2d 659 (3 Cir. 1971); *Kauffman v. Dreyfus Fund, Inc., supra; Hess v. M. Aaron Co., supra; c.f. Kenrich Corporation v. Miller,* 377 F.2d 312 (3 Cir.1967). Moreover, the injury claimed herein is an "indirect" injury and therefore insufficient to give rise to a direct cause of action. *Burdon v. Erskine,* 264 Pa.Super. 584, 401 A.2d 369 (1979). Therefore, the appellant's cause of action was improperly brought in that the real party in interest, Great Oak, an indispensable party to the action, was not made a party. Furthermore, we find that the appellees did not waive this argument by raising it in a motion for summary judgment instead of in their pleadings. Pa.R.C.P. 1032 states, in part:

A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply except

&ast; &ast; &ast; &ast; &ast; &ast;

(e) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action.

We find that the appellees' motion for summary judgment was a proper vehicle to effectuate the dismissal of appellant's action.

■ The trial court dismissed the appellant's equity action because the appellant retained no interest in Great Oak at the time of the institution of the suit. Under Pa.R.C.P. 1506(2), the appellant was required only to plead ownership of stock in Great Oak at the time of the transactions in question. Our examination of the pleadings indicates that this requirement was fulfilled. However, this court may affirm on a rationale other than that relied on by the trial court. *Gwinn v. Kane,* 465 Pa. 269, 348 A.2d 900 (1975); *Justin J. Powell, Inc. v. Wian,* 456 Pa. 35, 318 A.2d 346 (1974).

■ Our conclusion that summary judgment was properly granted is supported by the appellant's ratification of the contested transactions by signing the deeds as secretary-treasurer of Great Oak. Appellee, Arlo Shay, and the appellant shared total control of Great Oak. By ratifying the sale of the properties, the appellant has given his approval to the transaction and thus, the approval of all the shareholders of Great Oak was obtained. Where a director or officer of a corporation engages in transactions with the corporation, those transactions may be approved by the shareholders. *Chambers v. Beaver-Advance Corporation,* 392 Pa. 481, 140 A.2d 808 (1958). Whether such transactions are approved is a mixed question of law and fact. *Zampetti v. Cavanaugh,* 406 Pa. 259, 176 A.2d 906 (1962).

In the present case however, there are no facts in dispute. The appellant signed the deeds, and therefore we must infer his approval of the transactions. We find the trial court's grant of summary judgment was correct.

## B. ASSUMPSIT

Appellant's action in assumpsit alleges an oral agreement between appellant and appellees, whereby the appellees would pay the appellant one-third (⅓) of the fair market value of the properties. Appellant sought damages for breach of the alleged contract. The trial court granted summary judgment in favor of the appellees. It found that the oral agreement alleged by the appellant would be an illegal agreement. The illegality was vaguely described as being violative of state and federal tax laws. The court tacitly assumed that the agreement would be unenforceable.

An agreement that cannot be performed without violating a statute is illegal and will not be enforced. *Dippel v. Brunozzi*, 365 Pa. 264, 74 A.2d 112 (1950); *Pennsylvania R. Co. v. Cameron*, 280 Pa. 458, 124 A. 638 (1924); *Gramby, et al. v. Cobb*, 282 Pa.Super. 183, 422 A.2d 889 (1980). However, it must appear that the subject of the agreement is specifically proscribed by statute. *Shafer v. A.I.T.S.*, 285 Pa.Super. 490, 428 A.2d 152 (1981).

The transfer of the properties from Great Oak to the appellees is not per se illegal as long as there is no detriment to the creditors or shareholders of Great Oak. We perceive no detriment from the record. Therefore, if there is any illegality it must be in the alleged promise of payment to appellant of one-third (⅓) of the fair market value of the properties. The lower court finds that any payments would have rightfully belonged to the corporation and could have only been distributed to the appellant in accordance with state and federal tax and dividend requirements.

In *O'Brien v. O'Brien Steel Construction Company*, 440 Pa. 375, 271 A.2d 254 (1970), defendant-appellants sought, on appeal, to interpose a defense of illegality of a contract to pay life insurance benefits to plaintiff. They contended that enforcement of the contract to pay over the benefits would result in a tax fraud. The court stated:

> We are presented at most with the unilateral wrongdoing of parties on one side of the contract, giving rise to possible federal tax and criminal liability. If there was indeed such wrongdoing, it was not required in any way by the contract. No sound public policy suggests that we hold a contract unenforceable merely because one of the parties misreports or fails to report the transaction to the appropriate taxing authority.
>
> The rule of law that does control the disposition of this case is that a claim connected with an illegal contract is enforceable if the plaintiff does not require the illegal transaction to establish that claim.

*First National Bank v. Baer*, 277 Pa. 184, 120 A. 815 (1923). *Id.*, 440 Pa. at 380, 271 A.2d 256.

 In the present case we cannot say the record is sufficiently supportive of the illegality of the contract so as to merit a grant of summary judgments. The illegality was not raised as a defense by the appellees; rather, it was raised by the trial court *sua sponte*. There is nothing in the record concerning any of the details of the alleged oral agreement which could conclusively indicate that the transaction was intended to circumvent any laws. Accordingly, we find that summary judgment was improperly granted in the assumpsit action. The appellant is entitled to a determination of whether the alleged oral contract between himself and the appellees was valid and enforceable. *RoMed Construction Co., Inc. v. Clyde M. Bartley Co., Inc.*, 270 Pa.Super. 420, 411 A.2d 790 (1979).

Affirmed in part and reversed in part.