## Keller v. Girard School District

*Joseph V. Agresti*, for plaintiff.
*John M. McLaughlin, Donald E. Wright, Mark A. Mioduszewski*, for Girard School District.

JIULIANTE, *J.*, April 16, 1984—This negligence action is before the court on the motion for sum-

mary judgment filed by defendant, Girard School District. Finding no exception to the grant of governmental immunity conferred by 42 Pa. C.S. §8541, we must grant the motion.

Plaintiff claims that she was walking along Rice Avenue in Girard Borough on the evening of June 18, 1981 at 10:15 p.m.; her foot struck a concrete block on the sidewalk in front of Girard Middle School. She fell, fracturing several ribs and a bone in her left hand, suffering lacerations, bruises and back sprain, and dislocating a knuckle. There appears to be little question but that these injuries were the proximate result of the negligence of the school district, owner of the sidewalk.

The district raised the defense of governmental immunity, 42 Pa. C.S. §8541 et seq. and claims that immunity as an absolute defense to plaintiff's claim for damages. Although plaintiff's claim is substantial, we are constrained to agree with the school district that its interpretation of the governmental immunity law precludes recovery.

42 Pa. C.S. §8541 provides:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

This all-inclusive grant of immunity is tempered by eight specific exceptions, set forth at 42 Pa. C.S. §8542(b), provided that a common law or statutory cause of action exists but for §8541.

Liability for sidewalk defects is imposed upon a local agency only if the sidewalk is within the right-of-way of a street owned by the local agency. §8542(b)(7). This liability is secondary to that of the owner.

In this case, however, the district's liability for ownership of real property excludes liability for the condition of sidewalks, §8542(b)(3)(iv), since the district is a "local agency."

Rice Avenue is a legislative route, 36 P.S. §1753-1, §1753-2, owned and maintained by the Commonwealth and not by the School District. Thus, the exception of §8542(b)(7) is not available to plaintiffs.

Although plaintiff claims that issue of fact exist, we do not find any material dispute as to the ownership of the street or sidewalk such as would preclude the entry of summary judgment. Pa. R.C.P. 1035, Fitzpatrick v. Shay, ____ Pa. Super ____, 461 A.2d 243 (1983).

Although the result we are constrained to reach is harsh, defeating a substantial claim, the defense of governmental immunity is within the province of the legislative power and is not a violation of due process, Carroll v. York County, 469 Pa. 363, 437 A.2d 394 (1981). Thus, we are required to grant defendant Girard School District's motion for summary judgment.

### ORDER

And now, this April 16, 1984, it is ordered that the motion for summary judgment filed on behalf of defendant Girard School District shall be and is hereby granted; the prothonotary is directed to enter judgment in favor of defendant Girard School District and against plaintiffs.